AUGUSTUS THIBAUDEAU, Respondent, *v.* CITY OF NIAGARA FALLS, Appellant.

Fourth Department, January 4, 1933.

*George E. Carrie,* for the appellant.

*Ward, Flynn, Spring & Tillou* [*William J. Flynn* of counsel], for the respondent.

CROSBY, J. Plaintiff sues defendant upon three separately stated and numbered causes of action; (1) For legal services performed; (2) for expenses incurred and paid out, and (3) for work done and expenses incurred by plaintiff in making out his bill or claim for the services and expenses sued for in the first two causes of action.

The Special Term denied defendant's motion to dismiss the complaint. The first cause of action is the one involving the largest claim. Appellant claims that plaintiff was not properly employed to perform the services. Section 274 of article 10 of defendant's charter (Laws of 1916, chap. 530) provides that the corporation counsel shall " act as sole legal adviser to the city council and the several officers, boards, bureaus and departments of said city unless otherwise specially directed by the city council." We think the complaint sufficiently alleges employment by the city council within the terms of section 274.

The interesting question relates to the third cause of action alleged. Section 84 of article 5 of defendant's charter provides, in substance, that all claims against the city (with certain exceptions here immaterial) must be made out in such form as shall be prescribed by the city auditor, and " shall be made out by items and in detail showing fully the quantity and prices charged," etc. In his third cause of action plaintiff alleges that he made out his bill for services to defendant in the form of a verified claim, and that it was rejected for the reason, among others, that it was not properly itemized. Plaintiff then alleges that he made out his bill in the form required by defendant and that the labor and expense involved in doing so was $4,145, which is the judgment demanded in the third cause of action. The items of the bill are printed in the record, as Exhibit B attached to the complaint, and fill over 250 pages of the record. It must be conceded that it required some time and labor to itemize the claim.

We are forced to conclude that the making out of his claim, in the form required by law, was no part of the services for which plaintiff was employed by defendant. An exhaustive search by counsel on both sides, and by the court, has failed to discover any authority directly in point. The duty to make out his bill in a certain fashion was a duty imposed upon plaintiff by a law which he is bound to know, and cannot be made the basis of a contractual obligation between the parties. And even though the complaint, as a whole, states a cause of action, and, therefore, should not be dismissed, we deem it advisable to dismiss the third cause of action in the interest of economy of time and expense in the trial. If put to proof of all of the items in the third cause of action it would prolong the trial greatly. In the case of *Heaman* v. *Rowell Co., Inc.* (233 App. Div. 335), where two causes of action were alleged, and one was held to be good and the other not, this court made no attempt to segregate the good from the bad, and refused to dismiss the complaint. In that case, however, the causes were not, as here, separately stated and numbered. We think that this motion, to dismiss the complaint, may well be regarded as a motion aimed at each cause separately.

The order appealed from should be modified on the law by granting the motion as to the third cause of action, and as modified affirmed, without costs to either party.

All concur.

Order modified on the law by granting the motion as to the third cause of action and as so modified affirmed, without costs of this appeal to either party.