WILLIAM L. DEMUTH and ERNESTINE DEMUTH, Respondents, *v.* DANIEL GRIFFIN and OSCAR HERZOG, as Executors, etc., of BELLA KAUFMAN, Deceased, and JOHN W. LEWIS, Appellants.

First Department, February 11, 1938.

*Harold V. Angevine* of counsel [*Robert L. Flynn* with him on the brief; *James A. Hughes*, attorney], for the appellants.

*Jeremiah J. Riordan* of counsel [*Thomas J. O'Neill*, attorney], for the respondents.

COHN, J. The complaint alleges that in the State of New Jersey, on July 12, 1934, due to the negligence of Bella Kaufman, since deceased, and her agent, defendant John W. Lewis, in the operation of decedent's automobile, it collided with a car owned by plaintiff William L. Demuth and operated by his wife, plaintiff Ernestine Demuth, causing damage to plaintiff William L. Demuth's automobile and personal injuries to Ernestine Demuth; that Bella Kaufman died on March 12, 1935, a resident of this State, leaving a last will and testament under the provisions of which defendants Griffin and Herzog were appointed executors and duly qualified and are acting as such; that under the laws of the State of New Jersey then and now in force the causes of action which plaintiffs had and have against Bella Kaufman did not abate with her death but were and are continued as against her executors.

Three causes of action are separately stated and numbered in the complaint, as follows: (1) By plaintiff William L. Demuth to recover for property damage to his automobile; (2) by the same plaintiff to recover damages for the loss of services of his wife Ernestine Demuth; and for medical expenses incurred in treating her for her injuries; (3) by plaintiff Ernestine Demuth to recover damages for her personal injuries.

At the time of the occurrence of the accident, both Bella Kaufman, the deceased, and defendant John W. Lewis were residents of this State. Plaintiffs were also then residents here and so continued

up to the time of the commencement of this action. · Plaintiffs seek recovery against defendants for personal injuries and for injury to property under a New Jersey statute which creates in that State a cause of action against representatives of a deceased wrongdoer. The question to be determined upon this appeal is whether the causes of action stated in the complaint are enforcible under the laws of the State of New York against the defendants Griffin and Herzog, who are the deceased's representatives.

Before September 1, 1935, every cause of action for personal injuries due to negligence in this State abated upon the death of either the claimant or the wrongdoer. This rule also applied with respect to a cause of action arising in a foreign State, though the statute in the foreign State at the time of the occurrence of an accident created a right of action as against representatives of a deceased wrongdoer enforcible by means of a court action in that foreign State. (*Herzog* v. *Stern*, 264 N. Y. 379; *Taynton* v. *Vollmer*, 243 App. Div. 537.) In the *Herzog* case Judge LEHMAN (at p. 383, *et seq.*), speaking for our highest court, stated the law as follows: " Where neither common law nor a statute permits the bringing of an action against executors or administrators of a deceased resident, the courts of this State are without jurisdiction to pass upon such a cause of action. There is here no room for speculation as to whether the cause of action against the representatives of the deceased wrongdoer created by the laws of the State of Virginia offends our public policy. The rights and obligations of executors and administrators appointed by our courts are defined by our law, and our courts are without jurisdiction to grant a judgment binding on the executors or administrators appointed here unless our law makes provision for such actions against executors and administrators."

By enactment of chapter 795 of the Laws of 1935, effective September 1, 1935, the long-existing law relative to abatement of causes of action in this State for personal injury was amended. Such an action no longer abates by reason of the death of the person liable for the injury (Dec. Est. Law, § 118), or of the person in whose favor the cause of action existed (Dec. Est. Law, § 119). The amendment, in addition to other changes, has added a new section 118 of the Decedent Estate Law which now provides as follows:

" § 118. Actions against executors or administrators for injury to person or property. No cause of action for injury to person or property shall be lost because of the death of the person liable for the injury. For any injury an action may be brought or continued

against the executor or administrator of the deceased person, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury. This section shall extend to a cause of action for wrongfully causing death and an action therefor may be brought or continued against the executor or administrator of the person liable therefor."

Section 7 of the 1935 amendment also provides: " § 7. This act shall apply to all causes of action for injury to person or property arising after the effective date hereof. *All causes of action arising before this act takes effect shall be governed by existing law.*" (Italics ours.)

The accident here happened on July 12, 1934, and the alleged wrongdoer died on March 12, 1935. Both events occurred prior to the effective date of the new law. In view of the express language of the statute, these rights of action, which arose on July 12, 1934, must be governed by the law of this State as it was before September 1, 1935. The law then existing barred an action for personal injury against the representatives of a deceased resident wrongdoer though a cause of action existed in the State where the accident occurred. (*Herzog v. Stern, supra.*) Accordingly, plaintiffs' second and third causes of action against defendants Griffin and Herzog, as executors, are legally insufficient. The third cause of action is obviously one for personal injury. As to the second cause of action in which plaintiff William L. Demuth seeks to recover damages for loss of services of his wife and medical expenses necessarily incurred in curing her of her injuries, the law seems well settled that such an action based upon a personal injury to another is also one for personal injury within the meaning of section 37-a of the General Construction Law (added by Laws of 1920, chap. 917) and section 120 of the Decedent Estate Law as it existed prior to September 1, 1935. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 395; *Gorlitzer* v. *Wolffberg*, 208 id. 475; *Bianco* v. *Sun Oil Company*, [CALLAHAN, J.] 143 Misc. 764; affd., 224 App. Div. 817.)

However, the first cause of action, which is for damage caused to plaintiff William L. Demuth's automobile, is one for injury to property. It is not an action for personal injury. Though the wrongdoer die, plaintiff may nevertheless recover from the deceased's representatives for injury to property, because such a cause of action does not now abate nor did it before September 1, 1935. (*Timian* v. *Whelan*, 128 Misc. 192; affd., 219 App. Div. 859; Dec. Est. Law, § 120, as it existed before Sept. 1, 1935 [Laws of 1932, chap. 458].)

Although the notice of motion for judgment on the pleadings is directed against the entire complaint, counsel in their respective briefs have regarded it as a motion aimed at each cause of action

separately. In the circumstances of this case we deem it advisable, accordingly, to regard the motion in that light. (Cf. *Thibaudeau* v. *City of Niagara Falls*, 237 App. Div. 424; *Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.*, 205 id. 144; Civ. Prac. Act, § 476.)

The motion for judgment on the pleadings dismissing the complaint should have been granted to the extent of dismissing plaintiffs' complaint against defendants Griffin and Herzog as to the second and third causes of action. It follows, therefore, that the order must be modified by granting judgment dismissing the complaint against defendants Griffin and Herzog as to the second and third causes of action and as so modified the order is affirmed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order unanimously modified by granting judgment dismissing the complaint against defendants Daniel Griffin and Oscar Herzog, as executors, etc., as to the second and third causes of action, and as so modified affirmed, without costs.