ABE PODBEILAK, Plaintiff, *v.* CENTRAL PACKING CORPORATION and GOTHAM PACKING CO., INC., SAMUEL R. PLAUT and ARTHUR PLAUT, Defendants.

Supreme Court, Special Term, Kings County, January 11, 1939.

*Isaacs & Murofchick,* for the plaintiff.

*Zamzok & Bisnoff,* for the defendant Central Packing Corporation.

*Herbert F. Hastings, Jr.,* for defendants Gotham Packing Co., Inc., Samuel R. Plaut and Arthur Plaut.

KADIEN, J. In this action by the plaintiff to recover damages for injuries sustained in premises claimed by him to be under the exclusive joint control of all of the defendants, although owned by the defendants Plaut, the defendant Central Packing Corporation served an answer containing a cross-complaint against the remaining defendants named in the plaintiff's complaint for judgment over, claiming that the latter had exclusive control of the premises and that the condition which brought about the accident was caused solely by them, and that if the plaintiff recovers a judgment against Central Packing Corporation same will have been brought about and caused solely by the negligent acts of the other defendants without any negligence on the part of this defendant contributing thereto.

The defendants affected by the cross-complaint now move to strike it out for legal insufficiency.

A cross-complaint is authorized under section 264 of the Civil Practice Act " where the judgment may determine the ultimate rights of two or more defendants as between themselves," and " the controversy between the defendants shall not delay a judgment to which the plaintiff is entitled."

The object of this section is to avoid a multiplicity of suits arising out of the same transaction, where prejudice would not result to the plaintiff. Here the plaintiff has not joined in the motion nor has he objected to the cross-complaint.

No valid reason exists, therefore, why the defendant Central Packing Corporation should not be permitted to establish its ultimate rights against the remaining defendants in the event the plaintiff recovers a judgment against it, where, as here, the relief sought by it is based on the facts asserted in the plaintiff's complaint and the cross-complainant asserts that it is not responsible for the injury complained of by the plaintiff but that the remaining defendants, by their active negligence or wrongdoing, are responsible.

As said in *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461, 468): " The right to indemnity stands upon the principle that everyone is responsible for the consequences of his own negligence, and if another person has been compelled (by the judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him."

I am of opinion that the cross-complaint states a cause of action. (*Birchall* v. *Clemons Realty Co., Inc.*, 241 App. Div. 286; *Lasher* v. *Montgomery Ward & Co., Inc.*, 253 id. 564.)

Motion denied. Submit order.