FREDERICK J. COTE, as Administrator of the Estate of FREDERICK COTE, JR., Deceased, Plaintiff, *v.* AUTOCAR SALES & SERVICE CO., INC., et al., Defendants.

Supreme Court, Special Term, Rensselaer County, May 17, 1948.

*Dennis J. Brennan* for Cutler D. Perry, defendant.

*Murphy, Aldrich, Guy, Broderick and Simon* for New York Power and Light Corporation, defendant.

BOOKSTEIN, J. Plaintiff's action is to recover for the alleged wrongful death of his infant son, who was killed as the result of being struck by a tractor owned by defendant, Autocar Sales & Service Co., Inc. (hereinafter referred to as " Autocar "), and operated by defendant Vogle. The accident occurred on First Street in the city of Troy, New York, and the defendant, New York Power & Light Corporation (hereinafter referred to as " Power Corporation "), is charged with negligence in the matter of excavating said street and in the manner in which it erected barriers thereon.

The defendant Perry is made a defendant by reason of the fact that the tractor aforesaid was hauling a trailer owned by him.

Defendant Perry pursuant to section 264 of the Civil Practice Act, has served an answer, containing a cross complaint against all of the other defendants demanding judgment over against them, in the event of any recovery by plaintiff in this action against him.

Defendant " Power Corporation " has moved to strike out the cross complaint on the ground that it does not state facts sufficient to constitute a cause of action against it or to constitute the basis for affirmative relief against it, in favor of defendant Perry under section 264 of the Civil Practice Act.

The problem thus posed seems to be one of first impression.

Defendant " Power Company " contends that defendant, Perry, is not entitled to maintain his cross action against it, because he is a joint tort-feasor and his right is limited to contribution from the other joint tort-feasors, after judgment, under section 211-a of the Civil Practice Act. This contention is sound if defendant Cutler is a joint tort-feasor by reason of his responsibility for the alleged negligent operation of the tractor and trailer by defendant Vogle.

It is true that there can be no recovery over other than contribution as between joint tort-feasors, unless there is liability

over by virtue of contract or by status. (Civ. Prac. Act, § 211-a; *Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305; *Miele* v. *City of New York*, 270 App. Div. 122.)

No right to be indemnified for his own negligence exists in favor of any defendant, except by a contract expressing such intention in unequivocal terms. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41.)

However, it is not contribution which defendant Perry seeks against defendant "Power Company" but rather indemnification or reimbursement in full for any award against him.

Defendant Perry in his cross complaint, has proceeded on the theory that if there is any verdict against him it would necessarily be based on the negligence of the driver of the tractor or the negligence of the "Power Company", or both, and the "Power Company" contends that if the recovery is based on the negligence of the driver alone, then judgment would be properly rendered against defendant Perry, and he is responsible for such negligence; that, if the verdict is predicated upon the negligence of both the driver and the "Power Company", then by reason of the imputation to defendant Perry of the negligence of the driver, the defendant "Power Company" and the defendant Perry would be joint tort-feasors, and defendant Perry's only right as against defendant "Power Company" would be the right, after judgment, to contribution, as provided for in section 211-a of the Civil Practice Act.

At common law, one who, without fault on his part, has been held legally liable for the negligence of another is entitled to indemnity from the latter, whether contractual relations existed between them or not; and this right of indemnity does not depend upon the fact that the wrongdoer owed to the one charged with the liability, a special or particular duty not to be negligent. So, where a person has been compelled, by the judgment of a court having jurisdiction, to pay damages caused by the negligence of another, which ought to have been paid by the wrongdoer, he may recover of the latter the amount so paid, unless he was a party to the wrong which caused the damages. (*Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola*, 134 N. Y. 461, 467–468.)

Under the circumstances revealed by the complaint, at common law, Perry was free from any claim such as is asserted against him by plaintiff in this action. (*Hennessy* v. *Walker*, 279 N. Y. 94.)

However, by statute, he is now liable, if the defendants "Autocar" and Vogle are. (Vehicle and Traffic Law, § 59-a.)

Perry's liability, if any, is a creature of statute, where none existed at common law. (*Gochee* v. *Wagner*, 257 N. Y. 344, 347.)

On the other hand, if defendant " Power Company " is liable, its liability is due to active or direct negligence. (*Haverstick* v. *Hansen & Sons, Inc.*, 277 N. Y. 158.)

The reason for the determination in the case of *Miele* v. *City of New York* (270 App. Div. 122, *supra*) was that the defendant, which made the cross complaint, was an *active* joint tort-feasor, which concededly, under the pleadings, was not the status of the defendant Perry herein.

The basis of the cross complaint of defendant Perry is the common-law liability imposed upon active wrongdoers to indemnify one held liable through such negligence and, in such a situation, a cross complaint under section 264 of the Civil Practice Act is a proper remedy and proper procedure. (*Birchall* v. *Clemons Realty Co.*, 241 App. Div. 286; *Bigelow* v. *DuBuque*, 141 Misc. 29.)

Unless, therefore, the provisions of section 59-a of the Vehicle and Traffic Law have wrought a change, there can be no doubt of the right of defendant Perry to serve his cross complaint and seek the relief provided for by section 264 of the Civil Practice Act. (*Podbeilak* v. *Central Packing Corp.*, 170 Misc. 88).

After the enactment of section 59 of the Vehicle and Traffic Law, modifying the common-law rules dealing with the liability of an owner of a motor vehicle, so as to attribute to him the negligence of any operator thereof, with the owner's permission, express or implied, the question arose as the right of such an owner to recover for damages to his vehicle from the owner of another vehicle with which it came into collision, and which was being used by another, with his permission, if the operators of both vehicles were negligent. In that situation, recovery was sought to be precluded on the ground that since the negligence of the operator of the car whose owner sought to recover, was imputable to such owner, he could not recover on the classic ground of contributory negligence.

That contention was overruled by the courts, which sustained the apparently anomalous situation whereby the two absentee owners of automobiles driven by operators on their own business or pleasure, with the knowledge and consent of such owners, express or implied, can both recover against each other for the damages sustained by their respective motor vehicles, due to the negligence of both operators. This was the common-law

rule also. (*Mills* v. *Gabriel*, 259 App. Div. 60, affd. 284 N. Y. 755.)

In that case, the Appellate Division said, at page 62, referring to section 59 of the Vehicle and Traffic Law: " The statute does not change the common-law rule respecting the owner's right to recover *from* third persons under the circumstances disclosed by this record. Nor may it be invoked for the purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought *by* third persons against the owner."

Such being the rule with reference to section 59 of the Vehicle and Traffic Law, it is at least equally so with reference to section 59-a thereof.

The operator of the tractor is the agent of the owner of the trailer " For the purposes " of section 59-a only, by its express terms. And that section makes him such *only* for the purpose of an action *against* the owner of the trailer for death and injuries due to the negligence of the operator of the tractor.

For all other purposes, the status of the owner of the trailer is not altered from his common-law status and hence this section may not " be invoked for the purpose of imputing the operator's negligence to the owner " in an action by such owner. " It is applicable for that purpose only in actions brought *by* third persons against the owner." (*Mills* v. *Gabriel, supra,* p. 62.)

Accordingly, defendant, with reference to the service of his cross complaint, is precisely in the same position as if section 59-a of the Vehicle and Traffic Law had not been enacted and hence his cross complaint is proper.

Accordingly, the motion of defendant " Power Company " to dismiss the cross complaint of defendant Perry is denied.

Submit order.