EDITH HEINZELMAN et al., Respondents, *v.* UNION NEWS COMPANY, a Domestic Corporation, Appellant.

Argued February 23, 1950; decided April 13, 1950.

*Richards W. Hannah* and *William C. Morris* for appellant. I. The New Jersey court has held that the appointment of an agent in its jurisdiction by a foreign corporation makes it a " resident " for the purpose of suit. (*Randolph Laboratories* v. *Specialties Development Corp.,* 62 F. Supp. 897; *Neirbo Co.* v. *Bethlehem Shipbuilding Corp.,* 308 U. S. 165; *Grace* v. *United Elec. Co.,* 69 N. J. Eq. 397; *Plaut* v. *Pennsylvania R. R. Co.,* 103 N. J. L. 40.) II. The " resident " provisions of the tolling statute can only relate to situations where the person or corporation is not " within the state." (*Mack* v. *Mendels,* 249 N. Y. 356; *Plaut* v. *Pennsylvania R. R. Co.,* 103 N. J. L. 40.) III. The Statute of Limitations is not tolled where the corporation sought to be charged has an agent in the jurisdiction where liability arose. (*Huss* v. *Central R. & Banking Co.,* 66 Ala. 472; *Lawrence* v. *Balloa,* 50 Cal. 258; *Waterman* v. *A. & W. Sprague*

*Mfg. Co.*, 55 Conn. 554; *Red Men's Fraternal Accident Assn.* v. *Merritt*, 32 Del. 1; *Roess* v. *Malsby Co.*, 69 Fla. 15; *Dahlstrom* v. *Walker*, 33 Idaho 374; *Wall* v. *Chicago & N. W. R. R. Co.*, 69 Iowa 98; *McLaughlin* v. *Aetna Life Ins. Co.*, 221 Mich. 479; *Sidway* v. *Missouri Lard & Live Stock Co.*, 187 Mo. 649; *King* v. *National Mining & Exp. Co.*, 4 Mont. 1; *Vol* v. *Richmond Cedar Works*, 152 N. C. 656; *Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*, 217 N. Y. 432; *Louisville & Nashville R. R. Co.* v. *Chatters*, 279 U. S. 320.)

*Harry Chashin* and *William W. Heiberger* for respondents. Prior to the 1949 amendment of the statute involved (N. J. Stat. Ann., § 2:24–7), there was no limitation of the time in which this action could have been brought in New Jersey. The order should be affirmed. (*Cramer* v. *Borden's Farm Products Co.*, 58 F. 2d 1028; *Kuboosh* v. *Allied Stores Corp.*, 79 F. Supp. 205; *Gotheiner* v. *Lenihan*, 20 N. J. Mis. Rep. 119; *Tioga R. R.* v. *Blossburg & Corning R. R.*, 20 Wall. [U. S.] 137; *Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210; *Comey* v. *United Sur. Co.*, 217 N. Y. 268; *Wehrenberg* v. *New York, N. H. & H. R. R. Co.*, 124 App. Div. 205.)

*Per Curiam.* A husband's action for loss of his wife's services and for medical expenses incurred by reason of her injuries is, under New Jersey law, based upon a violation of his property rights and is not governed by New Jersey's two-year Statute of Limitations (N. J. Stat. Ann., § 2:24–2) covering " actions for injuries to the person ". (See *Fryer* v. *Mount Holly Water Co.*, 87 N. J. L. 57.) Accordingly, the husband's action for loss of services was timely brought (N. J. Stat. Ann., § 2:24–1; Civ. Prac. Act, § 49, subd. 6; § 13). Since defendant's motion " for judgment dismissing the complaint " under rule 112 and rule 113 of the Rules of Civil Practice is directed at the complaint as a whole and seeks dismissal of the complaint in its entirety, the motion was properly denied. (See *Imperatrice* v. *Imperatrice*, 298 N. Y. 549, 550; *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79, 84; *Eidlitz* v. *Fischbach & Moore, Inc.*, 239 App. Div. 483, 486; *Heaman* v. *Rowell Co.*, 233 App. Div. 335, 336; cf. *Demuth* v. *Griffin*, 253 App. Div. 399, 402–403.)

We do not decide whether the first cause of action by the wife for personal injuries was begun within the time limited by law.

The order should be affirmed, with costs. The second question certified should be answered in the affirmative; the first question certified, not answered.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc.