JAMES PETRO, an Infant, by His Guardian ad Litem, MICHAEL PETRO, et al., Plaintiffs, *v.* IRVING EISENBERG et al., Defendants.

Supreme Court, Special Term, Queens County, February 7, 1955.

*Frederick Mellor* and *Daniel J. Coughlin* for Irving Eisenberg, defendant.

*Arleigh Pelham,* defendant in person.

HALLINAN, J.   Although the cross complaint interposed by the defendant Pelham is conclusory (*Shass* v. *Abgold Realty Corp.,* 277 App. Div. 346), the challenge of its legal sufficiency by the defendant Eisenberg is limited to the claim that no judgment over may be awarded in favor of one joint tort-feasor against another, where the negligent acts of the party seeking such indemnity concurred in the wrong which caused the damage to the plaintiff. (*Fox* v. *Western New York Motor Lines,* 257 N. Y. 305; *Secor* v. *Levine,* 273 App. Div. 899.)

The plaintiffs commenced this action to recover damages for personal injuries and loss of services as the result of a two-car collision that occurred on or about May 1, 1954.  The complaint alleges that the infant plaintiff was a passenger in the automobile owned by the defendant Pelham, which was operated by the defendant Walter Sarnik, in connection with and as part of the business of said Walter Sarnik and Joseph Sarnik, doing business as B and S Motors; that said automobile thus operated was in collision with another automobile owned and operated by the defendant Eisenberg.

The cross complaint alleges that the accident occurred while defendant Pelham's automobile was operated by Walter Sarnik as his bailee; that at the time of the accident, the cross complainant was not in his automobile which was in the exclusive possession, operation and control of said bailee and was being operated and used in connection with the business of said bailee; that if

the plaintiffs recover a judgment against said cross complainant, such recovery will have been brought about by the active negligence of the other defendants and, consequently, said cross complainant is entitled to judgment over against them for the recovery which may be awarded to the plaintiffs, and for the costs and expense of defending this action.

Prior to the enactment of section 59 of the Vehicle and Traffic Law, it was the law of this State " that the owner of a vehicle was not liable for negligent injury caused in its operation by another unless at the time it was being used on his business. * * * The owner was not liable for the negligence of a person to whom he had loaned his car, whether a member of his family or a stranger, while the car was being used upon the business or pleasure of the borrower." (*Gochee* v. *Wagner*, 257 N. Y. 344, 346.)

Section 59 of the Vehicle and Traffic Law, which imputes the negligence of the borrower to the owner in actions *against* the owner, was enacted to remove the hardship which the common law visited upon innocent persons by preventing " an owner from escaping liability by saying that his car was being used without authority or not in his business." (*Plaumbo* v. *Ryan,* 213 App. Div. 517, 518.) " The statute does not change the common-law rule respecting the owner's right to recover *from* third persons * * *. Nor may it be invoked for the purpose of imputing the operator's negligence to the owner. It is applicable for that purpose only in actions brought *by* third persons against the owner." (*Mills* v. *Gabriel,* 259 App. Div. 60, 62, affd. 284 N. Y. 755.)

Accordingly, upon the facts alleged in the pleadings the negligence, if any, on the part of the bailee does not bar defendant Pelham from asserting a cause of action for common-law indemnification against the defendant Eisenberg, the owner and operator of the other car involved in the collision. The latter's motion to dismiss the cross complaint against him is accordingly denied. (Cf. *Cote* v. *Autocar Sales & Service Co.,* 191 Misc. 988.)

Submit order.