STEPHEN LIPSMAN, an Infant, by ABE LIPSMAN, His Guardian ad Litem, et al., Plaintiffs, v. MARLENE R. WARREN et al., Appellants, and ACE MOTORS FLATBUSH CORP., Respondent. MARLENE R. WARREN et al., Third-Party Plaintiffs-Appellants, v. ACE MOTORS FLATBUSH CORP., Third-Party Defendant-Respondent.— In a consolidated action by infants, passengers in a motor vehicle, and by their fathers, against the owner of the vehicle, its operator and the mechanic who is alleged to have negligently adjusted and repaired the brakes of the vehicle, the owner and operator, alleging that at most they were guilty of passive negligence only, jointly served a cross complaint and a third-party complaint on the mechanic for judgment over. The appeal is by the owner and operator from an order granting the respondent mechanic's motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the said cross complaint and third-party complaint, on the ground that they fail to state facts sufficient to constitute a cause of action. Order modified by striking from the first and second ordering paragraphs the words "granted in all respects" and by substituting therefor the following words: "granted as to the defendant and third-party plaintiff Barry Ribman and denied as to the defendant and third-party plaintiff Marlene R. Warren." As so modified, order unanimously affirmed, without costs. A claim over may properly be pleaded if a "right to indemnification may be predicated upon any version of the accident permitted by the pleadings" (Weisman v. Hyams, 5 A D 2d 1000). Respondent, the mechanic, may be held liable only if the accident was caused by defective brakes. Even if appellant owner, who was not in the car, had no notice of the defect, nevertheless if the driver had notice, she (the owner) may be held liable to the plaintiffs by virtue of the provisions of section 59 of the Vehicle and Traffic Law. Liability on the part of the owner may thus be purely statutory and may be based on passive negligence. Although the alleged negligence of the driver would be active, the driver's negligence may not be imputed to the appellant owner so as to preclude recovery over, by the owner, from parties actively negligent, including the driver against whom the owner makes no claim in the case at bar (Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755; Petro v. Eisenberg, 207 Misc. 380; Cote v. Autocar Sales & Serv. Co., 191 Misc. 988). While we are thus holding that there is a valid cause of action stated by the owner, and, ordinarily, this would be sufficient to sustain the entire complaint, we are, nevertheless, affirming the dismissal as to the appellant driver because he cannot assert a valid claim over. To sustain the entire complaint, under the circumstances, would invite a new motion addressed, separately, to the driver's cause of action, and thus encourage unnecessary multiplicity of proceedings (see Thibaudeau v. City of Niagara Falls, 237 App. Div. 424). In any event, the motion may be granted as to one appellant, and denied as to the other, because respondent moved, inter alia, "for such other and further relief", (Savage v. Mathieson Alkali Works, 174 Misc. 1022, 1023, affd. 261 App. Div. 1053). Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ. [17 Misc 2d 807.]