Leonard Tow, Respondent, v. Leonard B. Moore, Appellant, et al., Defendant.— In an action for the dissolution of a partnership, for an accounting and for other relief, the defendant Moore appeals from so much of an order of the Supreme Court, Kings County, entered February 15, 1965, as denied his motion to dismiss the complaint on the ground that it fails to state a cause of action against him. Order modified as follows: (1) by striking out its second decretal paragraph denying the defendant Moore's motion to dismiss the complaint; and (2) by substituting therefor four paragraphs: (a) a paragraph granting the motion to the extent of dismissing the complaint insofar as it seeks relief with respect to all the corporations and matters therein set forth other than the matter set forth in its tenth paragraph with respect to the title to and the ownership of the Ritz Theatre; (b) a paragraph denying the motion to dismiss the complaint insofar as it seeks relief with respect to the title to and the ownership of the Ritz Theatre, as alleged in its tenth paragraph; (c) a paragraph severing the action insofar as it relates to the Ritz Theatre; and (d) a paragraph declaring that the dismissal of the complaint with respect to the corporations and matters other than the Ritz Theatre is without prejudice to plaintiff's enforcement of any other rights and remedies which he may possess. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to the defendant Moore. Plaintiff and the defendants Moore and Euster entered into an oral partnership agreement for the purpose of engaging in the business of investing in, owning, managing and operating various business and commercial enterprises. Participation in the capital investment, the profits and the management was to be on an equal basis among the parties. For various reasons the partners agreed to operate their business enterprises in various corporations or in partnerships, or in the names of individuals as nominees for the partnership. Accordingly, various corporations were formed to conduct the partnership enterprises. As to one parcel, however, known as the Ritz Theatre, title was not taken in any corporate name. Instead, the deed to that property was taken in the name of the defendant Euster and one·Zirinsky (not here involved), and the deed recites that each of them is the owner of " an undivided one-half interest, as tenants in common." A declaration of interest by Euster with respect to the Ritz Theatre (which was thereafter duly filed and recorded by the plaintiff) states that Euster holds an undivided one-half interest in the property " and that the said Euster, Moore and Tow each possesses a one-third undivided interest in and to the said one-half undi-

vided interest granted" to Euster by the said deed. Plaintiff, alleging a breach of the agreement by defendant Moore, commenced this action for a dissolution of the partnership, an accounting, and for other relief. The defendant Moore's motion to dismiss the complaint was denied on the ground that the facts alleged do set forth a cause of action and that the question of the legal relationship of the parties must be reserved for the trial. In our opinion, the motion should have been granted to the extent indicated herein. The equitable remedies ordinarily possessed by partners or joint venturers with respect to the partnership or joint venture do not extend to any portion of their business which they thereafter elect to conduct through the medium of corporate entities. Their utilization of the corporate entity necessarily relegates them to whatever rights they, as stockholders, directors, officers or employees of the corporation, may possess with respect to the redress of any grievance thereafter arising. They cannot simultaneously possess or exercise the rights of partners or joint venturers as well as the rights of corporate stockholders or directors (cf. *Weisman* v. *Awnair Corp. of America,* 3 N Y 2d 444, 449–450, and cases there cited). Therefore, insofar as the complaint here seeks relief in relation to the corporate entities, it must be dismissed. With respect to the title to and the ownership of the Ritz Theatre, however, the complaint must be held sufficient. Title to this theatre was never taken in the name of any corporation. But the record does raise an issue of fact as to whether such title is held by the parties as tenants in common (together with one Lawrence Zirinsky) or as part of the partnership assets. If held as tenants in common, of course an action for partition among all the tenants (including Zirinsky) would be the appropriate remedy; if held as partnership property, then an accounting may properly be sought. Under the circumstances here a trial is necessary to establish the true intention and status of the parties to this action with respect to their ownership, *inter se,* of the undivided half interest in this theatre (cf. *Fairchild* v. *Fairchild,* 64 N. Y. 471, 477; *Weisner* v. *Benenson,* 275 App. Div. 324, 332). On this motion to dismiss the complaint, since the major portion of the cause of action asserted therein is insufficient and since such portion is severable from the remaining good portion, summary judgment may properly be granted dismissing the severable portion which we have found to be insufficient (CPLR 5012; CPLR 3211, subd. [c]; CPLR 3212, subd. [e]; *Melniker* v. *American Tit. & Guar. Co.,* 253 App. Div. 570; cf. *Demuth* v. *Griffin,* 253 App. Div. 399, 402–403). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.