■ BRUCE ZIVIAN et al., Respondents, v CHRISTOPHER MC-NULTY et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and breach of contract, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered October 17, 1986, as denied that branch of their motion which was for partial summary judgment dismissing the plaintiffs' claims for loss of profits.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' claims for loss of profits and substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the plaintiffs' first cause of action as was for recovery for loss of profits, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties to this action are also parties to a shareholders' agreement concerning a corporation which ceased operations within less than a year of execution of the agreement. Alleging that the defendants fraudulently induced the plaintiffs to enter into the shareholders' agreement and that they breached it, the plaintiffs interposed causes of action grounded, *inter alia,* in fraud and breach of contract. Pursuant to both causes of action, the plaintiffs seek recovery for their out-of-pocket loss and for loss of profits they expected would be generated by the resale of their interests in the corporation. The defendants, who attack the "legal basis" of the plaintiffs' claims for loss of profits, have moved for partial summary judgment dismissing those claims.

The defendants have failed to sustain their initial burden (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967) of demonstrating the lack of merit to the plaintiffs' claim for loss of the profits for which, in effect, the plaintiffs allege they bargained when they entered into the shareholders' agreement (see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461). The Supreme Court, therefore, properly denied that branch of the defendants' motion insofar as it was addressed to plaintiffs' second cause of action to recover damages for breach of contract. The law is well settled, however, that one cannot obtain unrealized profits on a cause of action grounded in fraud (see, Reno v Bull, 226 NY 546; Aigen v Dimin, 86 AD2d 896; see also, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., supra). The Supreme Court should have dismissed so much of the first cause of action as was for recovery of loss of profits. We have, therefore, modified the order to the extent indicated (see, CPLR 3212 [e], [g]; see, Tow v Moore, 24 AD2d 648). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.