■ DELCOR LABORATORIES, INC., et al., Appellants-Respondents, v COSMAIR, INC., Respondent-Appellant.—Interlocutory judgment of Supreme Court, New York County, entered December 15, 1989, dismissing the third and fourth causes of action for failure to state a cause of action, unanimously modified on the law to dismiss as well so much of the first and second causes of action as allege a loss of profits, and otherwise affirmed, without costs. The appeal from the order of the same court (Beverly S. Cohen, J.), entered October 25, 1989, is dismissed as subsumed in the judgment, without costs.

The individual plaintiffs, desirous of purchasing the assets of Diamond East Laboratories, Inc., conducted a due-diligence investigation of the company, during the course of which they met in April 1986 with representatives of defendant, which was Diamond East's largest customer, to assure that this account would be continued following the acquisition. Apparently satisfied that the business relationship would continue unchanged, the individual plaintiffs then closed on the deal with the corporate plaintiff as purchaser, but, shortly thereafter, defendant announced that the account was being terminated. Plaintiffs brought this action for fraudulent and negligent misrepresentation.

Before a duty can be imposed to use reasonable care in imparting correct information, an allegation of negligent misrepresentation must be based on a "special relationship" between the parties *(Pappas v Harrow Stores,* 140 AD2d 501, 504), there being no liability simply for words negligently spoken *(Coolite Corp. v American Cyanamid Co.,* 52 AD2d 486,

488). The bond so established must be the functional equivalent of contractual privity *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417). A casual connection, such as the solitary dinner meeting here, is insufficient to establish that special relationship *(cf., Blair Communications v Reliance Capital Group,* 157 AD2d 490; *Accusystems, Inc. v Honeywell Information Sys.,* 580 F Supp 474). Inasmuch as the IAS court was required to accept all allegations in the complaint as true, and draw all inferences in plaintiffs' favor, for purposes of considering viability of the claim on this dismissal motion *(Sanitoy, Inc. v Shapiro,* 705 F Supp 152, 155), the court in applying that standard had authority to evaluate the sufficiency of the alleged special relationship, as a matter of law *(Mallis v Bankers Trust Co.,* 615 F2d 68, 81, n 12, *cert denied* 449 US 1123).

In an action for fraud, recovery is limited to actual pecuniary loss, i.e., out-of-pocket losses and consequential damages; loss of future profits is noncompensable as a matter of law *(see, Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311, 315). The profits that plaintiffs allege to have lost were more than merely incidental to the return on their investment *(cf., Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5), but were actually a benefit of the bargain, and thus noncompensable in fraud. Plaintiffs even used the word "profits" on several occasions in their amended complaint. Insofar as they sought recovery for lost profits, those claims should have been partially dismissed *(Zivian v McNulty,* 136 AD2d 547). Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.