Pruss v AmTrust N. Am. Inc. (2022 NY Slip Op 02884)

Pruss v AmTrust N. Am. Inc.

2022 NY Slip Op 02884

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 150223/18 Appeal No. 15837 Case No. 2021-03124 

[*1]Eita (Itty) Pruss et al., Plaintiffs-Respondents,
v
AmTrust North America Inc., et al., Defendants, Sherri Pavloff et al., Defendants-Appellants. [And another Action]

Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for Sherri Pavloff, appellant.
Coffey Modica O'Meara Capowski LLP, White Plains (John F. Watkins of counsel), for Farber Brocks & Zane, appellant.
L'Abbate, Balkan, Colavita & Contini, LLP, Melville (Marian C. Rice of counsel), for Lester Schwab Katz & Dwyer, LLP, appellant.
The Edelsteins Faegenburg & Brown, LLP, New York (Paul J. Edelstein of counsel), for respondents.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered July 29, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Lester Schwab Katz & Dwyer (Lester Schwab) for summary judgment dismissing plaintiffs' second amended complaint against it, and denied the motion of defendants Sherri N. Pavloff and Farber Brocks & Zane LLP (FBZ) to dismiss the second amended complaint against them pursuant to CPLR 3211, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The negligent misrepresentation claims should be dismissed because there was no privity or privity-like relationship between plaintiffs and these defendants. "Before a duty can be imposed to use reasonable care in imparting correct information, an allegation of negligent misrepresentation must be based on a 'special relationship' between the parties . . . [t]he bond so established must be the functional equivalent of contractual privity" (Delcor Labs. v Cosmair, Inc., 169 AD2d 639, 639-640 [1st Dept 1991], appeal dismissed 78 NY2d 952 [1991]; see also Sykes v RFD Third Ave. 1 Assoc., LLC, 15 NY3d 370, 372 [2010]). In this case, the court's conclusion that defendants owed a duty of care to plaintiffs was not supported by legal authority.
Moreover, an agent for a disclosed principal "will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal" (News Am. Mktg., Inc. v Lepage Bakeries, Inc., 16 AD3d 146, 147 [1st Dept 2005], quoting Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]). That did not occur here, where defendants conveyed the settlement offer to plaintiffs and the court in accordance with the instructions of their principal, defendant AmTrust North America, Inc. (AmTrust). Defendants' statements that AmTrust had conferred them with authority to settle the case for $5 million were accurate, even if the validity of AmTrust's underlying statements was not.
Plaintiffs' claims for violation of Judiciary Law § 487 also fail. A violation of this provision "requires a showing of 'egregious conduct or a chronic and extreme pattern of behavior' on the part of the defendant attorneys that caused damages" (Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]). There are no such allegations here, and Mr. Kuhn, AmTrust's claims adjuster, has acknowledged that he made a mistake in extending settlement authority to these defendants. Defendants were entitled to rely upon the direction given to them by AmTrust and had no independent legal duty to plaintiffs to confirm that authority with the conservator. Further, a fair review of Pavloff's statements at the August 2017 settlement hearing reveal that while evasive they were not untruthful, and in any event do not support a finding of egregious [*2]conduct that would be sufficient to uphold the claim.
Finally, the court's preservation of the claim asserted by plaintiff Klein for attorneys' fees and costs — which the court did not discuss explicitly — is also reversed. In New York, "attorneys' fees are considered an incident of litigation and are not recoverable unless authorized by statute, court rule or written agreement of the parties" (Reif v Nagy, 175 AD3d 107, 131 [1st Dept 2019], lv dismissed 35 NY3d 986 [2020]). The complaint alleges — without citing any specific statute, court rule, or agreement — that Klein is entitled to recover his one-third contingency fee from defendants in addition to the additional costs and legal fees he incurred in connection with prosecuting this action. There is no basis for this recovery. Regardless, it is also uncontested that plaintiffs have fully recovered the $5 million settlement from various sources at this point in the litigation fund, from which Klein has collected his contingency fee.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022