ANNETTE KUHN, Respondent, *v.* AUTO CAB MUTUAL INDEMNITY COMPANY, Appellant.

Second Department, April 18, 1935.

*John C. MacCarthy*, for the appellant.

*Henry E. Stohldreier* [*Walter W. Westall* with him on the brief], for the respondent.

CARSWELL, J. The plaintiff was struck and injured by an automobile, owned by one Stagg and operated by one Bernardo. The defendant had issued to Stagg a surety bond conditioned for the payment of any judgment recovered for death or injury resulting

from the operation of the automobile. Plaintiff brought an action against Bernardo only, and obtained a judgment. Execution was issued thereon and was returned wholly unsatisfied; whereupon plaintiff brought this action against the indemnity company to recover on the bond. Defendant moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice, and plaintiff made a counter-motion pursuant to rule 112. The court denied defendant's motion and granted plaintiff's motion, and directed that judgment be entered in favor of plaintiff for $2,500, with interest and costs. Judgment was accordingly entered. The defendant appeals from the order and judgment.

The policy of insurance issued to Stagg as owner of the taxicab contains no omnibus coverage clause or provision for any additional assured. It does not by its terms inure to the benefit of Bernardo, the operator of the car at the time the accident occurred and who alone was sued and cast in judgment in the negligence action.

The statutes do not provide any such coverage. Section 109 of the Insurance Law does not provide coverage to the employee or permittee of an owner of a car. That statute, therefore, does not project into the policy in suit any such coverage. Neither is there any such coverage contained in section 59 or section 17 of the Vehicle and Traffic Law. The coverage required by those statutes is coverage of the owner as the assured, for the acts of his employee or his permittee in the course of the operation of the owner's car.

The consequences of the plaintiff's failure to join the owner, Stagg, as a party defendant in the negligence action cannot be avoided by interpolating into the statutes a provision which is not there expressed. When the Legislature saw fit to require such coverage in particular situations, it used apt language to that end (Laws of 1928, chap. 508, amdg. Vehicle and Traffic Law, § 59, which amendment was repealed by Laws of 1934, chap. 491). A similar example is found in section 94-k, formerly section 94-i of the Vehicle and Traffic Law.

The case of *Fox* v. *Employers' Liability Assur. Corp., Ltd., London* (239 App. Div. 671), is of no avail to plaintiff. There the policy contained an omnibus coverage clause which was seemingly construed to cover and include the employee there involved who had been cast in judgment. The policy in the instant case has no corresponding provision. The effect of the holding there indicated in respect of the omnibus coverage clause invoked was modified in a later appeal. (*Fox* v. *Employers' Liability Assur. Corp., Ltd.*, 243 App. Div. 325.)

The order and judgment should be reversed on the law, with ten dollars costs and disbursements, defendant's motion granted, with

ten dollars costs, plaintiff's motion denied, and judgment directed to be entered in favor of defendant, dismissing the plaintiff's complaint.

LAZANSKY, P. J., YOUNG, HAGARTY and SCUDDER, JJ., concur.

Order and judgment reversed on the law, with ten dollars costs and disbursements, defendant's motion granted, with ten dollars costs, plaintiff's motion denied, and judgment directed to be entered in favor of defendant. dismissing the plaintiff's complaint.