ELMORE A. G. CHESHER, Respondent, *v.* UNITED STATES CASUALTY COMPANY, Appellant.

Argued January 18, 1952; decided March 14, 1952.

*Stephen V. Lines* and *John C. Osborn* for appellant. I. Mc-Ferran is not, by the terms of the policies of insurance issued to Central States Transportation Company, an " insured " of defendant United States Casualty Company. (*Wallace* v. *Smith,* 238 App. Div. 599.) II. The definition of the word " owner " in the Vehicle and Traffic Law is not applicable to the policy of insurance. (Vehicle and Traffic Law, § 2, subd. 18; *Kuhn* v. *Auto Cab Mut. Ind. Co.,* 244 App. Div. 272, 270 N. Y. 587.) III. The New York financial responsibility law is not applicable to the policy of insurance in the case at bar. (*Cohen* v. *Metropolitan Cas. Ins. Co. of N. Y.,* 233 App. Div. 340.)

*Charles P. Maloney* for respondent. I. McFerran is an insured under the policies issued by defendant. (*Gridley* v. *Home Ins. Co.,* 226 App. Div. 596, 254 N. Y. 635; *Young* v. *Masci,* 289 U. S. 253; *Stonborough* v. *Preferred Accident Ins. Co.,* 180 Misc. 339.) II. McFerran is an insured by virtue of applicability of the New York financial responsibility law to the policy sued on. (*Cohen* v. *Metropolitan Cas. Ins. Co. of N. Y.,* 233 App. Div. 340; *Franklin* v. *John Hancock Mut. Life Ins. Co.,* 298 N. Y. 81.) III. The conflict or ambiguity in the policy provisions must be resolved against defendant. (*Killian* v. *Metropolitan Life Ins. Co.,* 251 N. Y. 44; *Kocak* v. *Metropolitan Life Ins. Co.,* 237 App. Div. 780, 263 N. Y. 518; *Gridley* v. *Home Ins. Co.,* 226 App. Div. 596, 254 N. Y. 635; *Stonborough* v. *Preferred Accident Ins. Co.,* 180 Misc. 339.)

FROESSEL, J. In an action in the United States District Court for the Western District of New York, plaintiff recovered a judgment against one McFerran, a citizen of Ohio, for damages arising out of an automobile accident which occurred in the State of New York. At the time of the accident the truck was being operated by McFerran, but in the business of Central States Transportation Co., Inc., a Massachusetts corporation, pursuant to a one-year lease from McFerran, the registered owner of the truck. Central States was originally named as a party defendant in the Federal court action, but service of process on it was subsequently vacated.

Defendant herein is the insurer of Central States, and, the judgment against McFerran being unsatisfied, plaintiff brought this action under paragraph (b) of subdivision 1 of section 167 of the Insurance Law on the theory that he was an *insured* under said policy at the time of the accident. The answer, in addition to admissions and denials, sets up two defenses: (1) that its policy CAL-308767 was limited in its application to the State of Massachusetts, and (2) that, while its policy AP-286810 was applicable to the State of New York, defendant owed no duty to defend or indemnify McFerran, since he was not an insured thereunder. At Special Term plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice, and for judgment on the pleadings. Summary judgment was granted and unanimously affirmed in the Appellate Division.

We are of the opinion that the defenses have merit. Inasmuch as policy CAL-308767 is limited to the " WAYS OF THE COMMONWEALTH OF MASSACHUSETTS ", it has no application in the State of New York. Policy AP-286810, applicable in New York, provides as follows: " DEFINITION OF ' INSURED.' The unqualified word ' insured ' wherever used   *   *   *   includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured." There was attached to the policy, however, a " Hired Automobiles " indorsement, which extended the policy coverage to hired automobiles " used under contract in behalf of the named insured ", and provided as follows: " The Definition of ' Insured ' agreement of the policy applies to the insurance afforded under this endorsement *except to the owner of the automobile* or any employee of such owner." (Emphasis supplied.)

The basic question before us is whether defendant may exclude and has legally excluded the lessor (McFerran) from coverage to defend and indemnify. In our view, the indorsement quite clearly excludes as *an insured* the owner of a hired automobile and would be so understood by the average businessman. There is no ambiguity but merely an express variation

of the provision contained in the body of the policy. We disagree with the courts below that the " Hired Automobiles " indorsement was not meant to remove from coverage an owner " who had transferred to another the ordinary attributes of ownership " (200 Misc. 92, 94), since then Central States as owner by way of such transfer would not be covered under this indorsement, though it is the named insured, has procured the policy for its benefit, and paid the premium. As the policy is written, it did not insure McFerran at the time of the accident.

It is said that certain statutory provisions (Vehicle and Traffic Law, § 2, subd. 18; §§ 59, 94-q; Public Service Law, § 63-r) require the policy to be read as insuring McFerran. As we see it, these statutes dictate no other or different result than do the express provisions of the policy. Section 59 of the Vehicle and Traffic Law imposes liability upon the owner for the negligence of the operator of a motor vehicle as provided in said statute, and requires owners' insurance policies to contain a provision for indemnity against the liability provided therein. Under subdivision 18 of section 2, Central States as lessee may be deemed such an owner, and amenable to service of process under section 52. It does not follow, however, that the benefit of the policy inures directly to the operator of the vehicle as an insured, in order to support an action permitted under section 167 of the Insurance Law, particularly where the policy provides otherwise. Such liability may only be fixed in an action against Central States (*Kuhn* v. *Auto Cab Mut. Ind. Co.,* 244 App. Div. 272, affd. 270 N. Y. 587).

Nor do the provisions of the Public Service Law and the Safety-Responsibility Act (Vehicle and Traffic Law, art. 6-A) require that the policy in suit be construed as insuring McFerran. The policy provides that the insured thereunder " shall comply with the provisions of the motor vehicle financial responsibility law of any state or province *which shall be applicable* * * * to the extent of the coverage and limits of liability *required by such law* " (emphasis supplied). Section 63-r of the Public Service Law merely requires that the carrier shall furnish proof of responsibility by way of policies of insurance " in such reasonable amount as the commission may require, conditioned to pay * * * any final judgment recov-

ered against *such motor carrier*" (emphasis supplied) for negligent operation of vehicles resulting in injury or damages. Moreover, the major provisions of article 6-A of the Vehicle and Traffic Law are not applicable to vehicles operated under permits or certificates issued under the Public Service Law (Vehicle and Traffic Law, § 94-ff). Thus the financial responsibility law is not applicable here, and the Public Service Law does not require that financial responsibility be established for other than a judgment *against the carrier itself.*

If there were any doubt about this, such doubt would be dispelled by other statutory provisions. Section 94-ee of the Vehicle and Traffic Law does apply to vehicles operated under a certificate of convenience and necessity (Vehicle and Traffic Law, § 94-ff); in that section (94-ee), the word "owner" is defined, for purposes of that article, as follows: "(g) Owner. A person who holds the legal title of a motor vehicle * * * [or a conditional vendee or a mortgagor in possession]". Central States was not an owner within the meaning of that definition. Moreover, although section 94-q (subd. [b], par. [2]) does require that an owner's policy of liability insurance must insure besides the person named therein any other person operating the vehicle with permission, respondent has overlooked section 94-t (subd. [b]), which provides: "This article shall not be held to apply to or affect policies insuring solely the insured named in the policy against liability resulting from the maintenance, or use by persons in the insured's employ or in his behalf of motor vehicles not owned by the insured."

It therefore appears that the policy as written is in complete harmony with the law and policy of this State. There is no valid reason for distorting its plain words, by a strained construction, to mean other than what they simply say.

The courts below have held that there is no dispute concerning the provisions of these policies or the facts involved in the relationship between McFerran and Central States, and that the liability of defendant to plaintiff therefore resolves itself into a question of law. Inasmuch as rule 113 of the Rules of Civil Practice provides that summary judgment may be awarded to an opposing party even in the absence of any cross

motion therefor, and we may do so under section 584 of the Civil Practice Act, the judgments should be reversed and summary judgment granted in favor of defendant, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DEEMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.