William E. McClusky, J.
This is a motion to dismiss the complaint herein upon the ground that another action by the same plaintiff against the same defendant of the same character upon the same subject matter and for the same relief was then and still is pending in Supreme Court and that another action between the same parties was dismissed, and that there is no statutory authority for the present action.
On April 7, 1955 an action was instituted in this court by the present plaintiff against one George Daniels and Edmund A. Stearns, Kathryn E. Stearns and Richard E. Stearns. This was based upon an accident which occurred May 21, 1954 through the collision of two automobiles, one operated by the present plaintiff and the other operated by Daniels. It was the claim of the plaintiff and Daniels that the car operated by the latter was owned by the Stearns Auto Sales Co. and operated by Daniels with their consent. Upon the trial of this cause a verdict of $25,000 was found against both defendants. Upon motion the Trial Justice set the verdict aside as to the defendant Stearns Auto Sales Co. and dismissed the complaint. An appeal by the plaintiff and the moving defendant brought about an affirmance as to Daniels and a reversal as to Stearns and the direction of a new trial as to them.
The terminology of the decision is significant for the court-said ‘1 In our opinion, the jury verdict is against the weight of the evidence but we conclude that the trial court was in error in dismissing the complaint.” (4 A D 2d 818, 819.) This language applies only to the issue as to Stearns Auto Co. That leaves pending before this court the cause as to the defendants Stearns.
Subsequently Bornhurst commenced an action against Massachusetts Bonding and Insurance Company, the carrier on Stearns cars pursuant to section 167 of the Insurance Law of this State. A motion was thereupon made to dismiss the complaint in that action. That motion was granted with no leave to, amend. No appeal was ever taken from that order.
Thereafter, the plaintiff brought a second action against the Stearns carrier pursuant to the same- provision of law, alleging among other things that the vehicle was. being operated by Daniels “ with the permission express or implied of the *151 assured.” From the arguments advanced, it is assumed that were there a final legal determination that Daniels had been operating the car on the day in question as the bailee of the alleged bailor there would be no problem. However, there is still undetermined the question as to whether Daniels or Sterns owned the car. That was the very question sent back by the Appellate Division for determination. There has been no final legal determination that Daniels was operating the car by and with the consent of the assured.
Can an injured party in such a set of circumstances by-pass the determination in the first instance of the operation of the vehicle by and with the consent, express or implied of the alleged owner? May the injured party sue the carrier directly and litigate the question of the operation of the car and its ownership in such a direct action 1 Plaintiff:, as authority for his position, cites Switzer v. Merchants Mut. Cas. Co. (2 N Y 2d 575). But a casual perusal of that case clearly negates his position, for that case depended upon Switzer v. Aldrich (307 N. Y. 56). In other words there had been a prior determination that brought the matter under the terms of the insurance policy. The second authority cited was that of Phoenix Ins. Co. v. Guthiel (2 N Y 2d 584) which was an action for a declaratory judgment brought by the carrier to construe certain sections of the policy as they applied to the facts therein presented. Clearly that is no authority for the plaintiff:. That contractual obligation of an insurer in liability policies inures to the benefit of a tort victim only upon the initial conditions being established dehors the contract. The language of paragraph (b) of subdivision 1 of section 167 of the Insurance Law is clear. The policy must contain a provision that in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damages occasioned during the life of the policy or contract, shall remain unsatisfied at the expiration of thirty days, etc. This necessarily implies and assumes that an action for damages by the insured party be brought and judgment secured before the contract provisions become operative. There is no statutory basis for a direct primary action.
Of course, the provisions of section 59 of the Vehicle and Traffic Law had to be incorporated in the policy. But that incorporation in the contract pursuant to subdivision 2 of section 167 of the Insurance Law does not give any specific primary action on the contract to the injured party. That liability may only be fixed in an action against the owner of the vehicle involved. (Chesher v. United States Cas. Co., 303 N. Y. 589; *152 Kuhn v. Auto Cab Mut. Ind. Co., 244 App. Div. 272, affd. 270 N. Y. 587.)
The insertion in the complaint in this action of the terminology of section 59 of the Vehicle and Traffic Law does nothing but clarify the claim of the plaintiff. It does not create a cause of action.
The motion to dismiss the complaint is granted, with $10 costs.