■ LAVERNE S. CROFOOT, Plaintiff, v. HARRISON BLOOMER, Defendant and Third-Party Plaintiff-Appellant. FREDERICK OAKLEAF, Third-Party Defendant-Respondent.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Monroe Special Term [entered in Wayne County] dismissing the third-party complaint.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ F. RICHARD BORNHURST, Appellant, v. MASSACHUSETTS BONDING AND INSURANCE Co., Respondent.— Judgment and order unanimously reversed on the law and facts, with costs, and motion denied, with $10 costs. Memorandum: Plaintiff's complaint has been dismissed on the ground that another action is pending between the same parties for the same cause. (Rules Civ. Prac., rule 107, subd. 3.) The action alleged to be so pending is one in which the plaintiff in this action is plaintiff and the defendants are Edmund A. Stearns and others alleged to be owners of an automobile insured against liability by the defendant in this action. It is brought to recover damages for personal injuries sustained by the plaintiff as a result of negligence of one George Daniels in the operation of the automobile with the alleged permission of the defendants, Stearns. The purpose of that action is to obtain judgment in favor of Bornhurst against Stearns. In this action Bornhurst, who is plaintiff in both actions, seeks to recover judgment against Stearns' insurer for the amount of an unsatisfied judgment against Daniels under alleged provisions of a liability insurance policy which it is alleged covers Daniels as an insured. Although the defendants in both actions are not identical in name, the defendant in this action because of its obligation to defend the pending action and to pay any judgment therein against its insured, is in effect the defendant in both actions. Both actions are between the same parties within the meaning of subdivision 3 of rule 107 of the Rules of Civil Practice, but the two actions are not for the same cause. Questions respecting ownership of the car and permission of Stearns for Daniels to operate it are common in both suits, but present in this action are additional questions relating to the existence and construction of a liability insurance policy. The former action does not bar this action, where, as here, the former action has not proceeded to judgment. (Cf. *National Fire Ins. Co.* v. *Hughes*, 189 N. Y. 84, 88, 89.) The other grounds stated in the notice of motion are not such as may, under rule 107, be considered to authorize dismissal of the complaint (*Clark Plastering Co.* v. *Seaboard Sur. Co.*, 259 N. Y. 424, 428; 5 Carmody-Wait, New York Practice, pp. 8, 9, 69). (Appeal from judgment of Onondaga Special Term, dismissing plaintiff's complaint on motion by defendant in an action under a liability insurance policy.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ. [12 Misc 2d 149.]