John J. Kelly, J.
In this action, brought pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law, defendant moves to dismiss plaintiff’s complaint, asserting that no statutory authority exists for the maintenance of the action. Failing to obtain relief on that premise it seeks, in the alternative, summary judgment dismissing plaintiff’s complaint.
On January 30, 1958 defendant issued to William Ziel its policy of automobile insurance. By its terms the defendant undertook to pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of bodily injury sustained by any persons caused by accident and arising out of the ownership, maintenance or use of the automobile truck owned by Ziel and described in the policy. The monetary indemnity provided was limited to $10,000 for each person injured and $20,000 for each accident. In its ‘1 Definition of Insured” the policy, by a standard omnibus clause, provided that ‘1 the unqualified word ‘ insured ’ includes the named insured, * * * and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured * * * or with (his) permission.” Additionally, the insurer was required to “ defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent.”
During the effective period of the policy Ziel’s truck, while being operated in this county by Michael Draper, a nephew of the owner, collided with a vehicle owned and operated by the plaintiff, Edward J. Mireider in which his wife, the plaintiff Josephine M. Mireider, was a passenger. An action was commenced against both Ziel and Draper by Josephine M. Mireider to recover for personal injuries, and by Edward J. Mireider to recover for personal injuries, loss of his wife’s services and medical expenses. After investigating the circumstances surrounding the happening of the accident the defendant undertook to defend the action on behalf of Ziel. It refused to defend the action on behalf of Draper, asserting that he was not an insured under the terms of the policy because, at the time of the happening of the accident, he was operating the vehicle without the permission of the owner. Draper defaulted in appearing in *767 the action. On motion made by the plaintiffs the action was severed and continued as to Ziel. After inquest a judgment was entered against the defaulting defendant Draper in the total amount of $3,669 in favor of both plaintiffs. Therein the liability of Draper was predicated upon his negligent operation of the vehicle. The issue of the permission granted by the owner to use the truck, or the lack thereof, was not determined, it not having been necessary so to do in order to cast him in judgment. The judgment remains unsatisfied. With the action against Ziel still pending and undetermined the plaintiffs commenced this action pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law to recover from defendant insurance company the amount of the judgment rendered against Draper. That statute requires that policies of insurance of the type here involved shall contain u A provision that in case judgment against the insured * * * in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract, shall remain unsatisfied * * * then an action may * * * be maintained against the insurer under the terms of the policy or contract for the amount of such judgment ”. Its provisions are deemed to be a part of and read into every policy of automobile liability insurance upon its issuance in this State (Bakker v. Ætna Life Ins. Co., 264 N. Y. 150,153).
The defendant, claiming that no statutory basis exists for the maintenance of this action, asserts that the judgment obtained by the plaintiffs against Draper is not a judgment against an insured within the terms of the statute. Further, it urges that this action is premature in that the plaintiffs may not litigate the question of permission to operate the vehicle for the first time in this direct action against the insurer. Those contentions are not tenable.
True, the action is brought under the right conferred by statute. It ‘ “ owes its parentage to the statute, rather than to the contract of insurance.’” (Jackson v. Citizens Cas. Co., 277 N. Y. 385, 392.) But, while permitting “ a direct cause of action against the insurer after recovery of judgment against the insured” (1 Richards, Insurance [5th ed.], § 170, p. 621), the statute, by its specific mandate, provided that the “ action may * * * be maintained against the insurer under the terms of the policy”. (Italics supplied.) Its clear intent and purpose was to afford a right of action to the injured judgment creditor, in the action brought pursuant to the statute, for the determination of the issue of whether a judgment debtor is or is not an insured. And, the issue of whether such a judgment *768 debtor may be adjudicated an insured may only be determined within the meaning of and by the provisions of the policy issued by the insurer. If the terms of the policy permit that the judgment debtor be cast in the category of an insured, statutory authority exists for the maintenance of the action. If not, no statutory sanction is given for its maintenance. In Fox v. Employers’ Liab. As sur. Corp. (243 App. Div. 325, affd. 267 N. Y. 609) plaintiffs had recovered unsatisfied judgments solely against the operator of the vehicle responsible for plaintiffs’ injuries. An action, under the statute, was commenced against the insurer who had issued to the owner a policy containing an omnibus clause similar to that here involved. In its decision (p. 327) the Appellate Division stated: “ We are dealing here solely with the contract rights of the parties as fixed by the policy. Whether the plaintiffs can recover in these two actions depends entirely upon the construction which should be given to the policy issued by the defendant to the city of Syracuse, [the owner] covering the Chevrolet coupe in question. Did it cover the operation of the car by Mr. Green at the time of and under the circumstances surrounding this particular accident? If so, plaintiffs can recover-, otherwise, the complaints must be dismissed.” (Italics supplied.) In Switzer v. Merchants Mut. Cas. Co. (2 N Y 2d 575) — hereinafter further discussed — a judgment had been obtained by the plaintiff solely against the operator of the vehicle which caused the death of the plaintiff’s intestate. Thereafter, the statutory action was brought by plaintiff against the insurer of a dealer in used cars. The Court of Appeals (p. 580) stated: “The sole issue then remaining, therefore, and the principal one urged by the insurer, is whether Aldrich [the operator and judgment debtor] was an insured as defined under the policy. If he ivas, the insurer is liable to plaintiff for the amount of the judgment recovered. Under the terms of the omnibus clause, the coverage of Aldrich as an insured depends on whether he was using the truck with the ‘ permission ’ of the dealer.” (Italics supplied.) Implicit in the italicized language of both of the foregoing opinions is the finding that statutory authority did exist for their maintenance of those actions. In the Switzer case the court found that the operator was an insured under the provisions of the policy and directed that judgment be granted to the plaintiff. In the Fox case the appellate courts determined that upon the facts presented upon the trial of the issues in the statutory actions the operator was not driving the vehicle, at the time of the accident, on the business of the owner or with its expressed or implied *769 permission and, in consequence, was not an insured under the terms of the policy.
We turn then to the question whether, upon the trial of the issues in this action, Draper may be adjudicated an insured as defined by the terms of the policy. Dependent upon such determination is the liability of the defendant to the plaintiffs for the amount of the judgment recovered against Draper. Under the terms of the policy issued by the defendant it obligated itself to insure not only Ziel, the “ named ” insured, but, also, any persons while using the vehicle with his permission. By its terms, it extended and broadened its coverage to “ additional ” insureds against liability for damages for which such “ additional ” insureds might become liable. “ The proper view of the policy under consideration is that by it the defendant has undertaken separate and distinct obligations to the various assureds, named and additional ”. (Morgan v. Greater N. 7. Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 249.) “ The person so operating the vehicle with the permission of the owner is afforded coverage as an additional insured, and is treated as if he had a separate policy”. (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442, 449; cf. Greaves v. Public Serv. Mut. Ins. Co., 5 N Y 2d 120,125; Wenig v. Glens Falls Ind. Co., 294 N. Y. 195, 201.) Assuming, arguendo, that upon the trial it is found that Draper was operating the vehicle with the owner’s permission, he must be treated as the holder of a separate policy and the insured thereunder. Such determination would fix defendant’s obligation to pay the amount of the judgment recovered against Draper, its insured.
Defendant, as authority for its position, relies on Kuhn v. Auto Cab Mut. Ind. Co. (244 App. Div. 272, affd. 270 N. Y. 587) and Chesher v. United States Cas. Co. (303 N. Y. 589). Both of those actions were brought under the statute and resulted in determinations favorable to the insurer defendants. However, the provisions of the policies of insurance, which, in those cases, warranted the determinations made, are distinguishable from those in the case at bar. The complaints were there dismissed, not for lack of statutory sanction for the actions, but, rather, on the principles that judgments had been obtained by the plaintiffs solely against operators of vehicles who were not, or were specifically excluded as, insured persons under the provisions of the policies of insurance there involved. In the Kuhn case the surety bond issued by the defendant insurer to the owner of the vehicle contained ‘1 no omnibus coverage clause or provision for'any additional assured ” (p. 273). *770 Consequently, the judgment-debtor-operator was not an insured under the terms of the surety bond. In the Chesher case the indorsement attached to the policy specifically and legally excluded the lessor operator of the truck who had been cast in judgment. After so holding, the opinion continued (p. 593): “It is said that certain statutory provisions (Vehicle and Traffic Law, § 2, subd. 18; §§ 59, 94-q; Public Service Law, § 63-r) require the policy to be read as insuring McFerran [the lessor operator]. As we see it, these statutes dictate no other or different result than do the express provisions of the policy. Section 59 of the Vehicle and Traffic Law imposes liability upon the owner for the negligence of the operator of a motor vehicle as provided in said statute, and requires owners’ insurance policies to contain a provision for indemnity against the liability provided therein. Under subdivision 18 of section 2, Central States as lessee may be deemed such an owner, and amenable to service of process under section 52. It does not follow, however, that the benefit of the policy inures directly to the operator of the vehicle as an insured, in order to support an action permitted under section 167 of the Insurance Law, particularly where the policy provides otherwise. Such liability may only be fixed in an action against Central States (Kuhn v. Auto Cab Mut. Ind. Co., 244 App. Div. 272, affd. 270 N. Y. 587).” It is urged by the defendant that by the last sentence quoted the Court of Appeals held that the issue of whether the lessor operator was an insured, so as to fix liability of the insurer under section 167 of the Insurance Law, could only be determined in an action against the lessee. The language of the court may not be so interpreted. The “liability” there referred to was the vicarious liability imposed upon owners for the negligent operation of vehicles by permittees as mandated by section 59 of the Vehicle and Traffic Law. The policy having excluded as an insured the lessor operator against whom judgment had been rendered, the court, by the language employed, held that the plaintiffs, to recover against the insurer, were required to first fix the liability of the lessee, the named insured, in an action founded in negligence against it. And, in such an action the provisions of section 59 of the Vehicle and Traffic Law might be utilized to fix such liability.
In Devitt v. Continental Cas. Co. (269 N. Y. 474), also urged by defendant to support its contention, an unsatisfied judgment was recovered against the owner of the vehicle who was named insured in the policy of insurance. There, it was held, that the insurer was not liable, the policy validly containing a limitation. *771 of coverage which excluded liability of the insurer under the circumstances there involved.
Additionally, defendant relies on Bornhurst v. Massachusetts Bonding & Ins. Co. (12 Misc 2d 149) to support its position. The conclusion there reached may be adopted only if it may be assumed that the policy of insurance there involved contained no provisions for the coverage of the vehicle causing plaintiffs’ injuries or of the operator who had been cast in judgment as an additional insured. The court’s opinion omits reference to the provisions of the policy issued by the defendant insurer. If that policy did contain such coverage then we are not unmindful that Bornhurst is contrary to the conclusion reached in the case at bar. By its tenor, and as a general principle, the opinion in the Bornhurst case appears to decide that, as a condition precedent to the maintenance of an action under the statute by an injured judgment creditor, it is required that prior judicial determination be made concerning the questions of ownership of the vehicle and permission granted to the operator to use it. We cannot concur. Those issues, raised by the pleadings, may be determined in the statutory action if by their resolution therein it may be adjudicated that the judgment debtor is or is not an insured within the terms of the policy at issue. In Hukey v. Massachusetts Bonding & Ins. Co. (277 App. Div. 411, motion for leave to appeal denied 302 N. Y. 949) the factual circumstances are directly similar to those in the case at bar. There the injured persons recovered judgments in actions commenced solely against the operator of the automobile. The judgments remained unsatisfied. Thereafter, plaintiffs commenced statutory actions directly against the insurer of the owner. Affirming the judgments rendered in favor of the plaintiffs, the sole issue reviewed in those statutory actions was whether the automobile was being operated with the permission, express or implied, of the owner. Manifestly, in the tort actions against the operator the judgments rendered therein were founded upon his negligence. The issue of permission, or lack thereof, was irrelevant in the tort actions and not required to have been determined in order to cast the operator in judgment. There the issue of permission was litigated in the first instance in the statutory actions. Aln’-n to ownership under these circumstances is the question of coverage of the vehicle itself under the terms of the policy. In Re Lany v. Allen (281 App. Div. 728, affg. 111 N. Y. S. 2d 877) the appellate court affirmed an order denying the defendant insurer’s motion for summary judgment in an action brought *772 by a judgment creditor under the statute. It decided that a triable issue of fact was created concerning the “insurance coverage on the car involved in the accident.” Certainly, the issue of insurance coverage of the vehicle would not be relevant or necessary for the rendition of judgment against the owner operator in the tort action. In the Bornhurst case (12 Misc 2d 149, supra) the court held that in Switzer v. Merchants Mut. Cas. Co. (supra) “ there had been a prior determination that brought the matter under the terms of the insurance policy ’ ’ (p. 151). An analysis of Switzer v. Merchants Mut. Cas. Co. (supra) and Switzer v. Aldrich (307 N. Y. 56), compels us to differ with that interpretation. In Switser v. Aldrich (supra) plaintiff sued Aldrich (the operator) to recover damages for negligently having caused the death of her husband in an automobile accident. Additionally, she sued Stiker, a dealer in used cars, in the same action claiming that Stiker was the owner of the vehicle and vicariously liable under section 59 of the Vehicle and Traffic Law. Judgment was rendered in favor of the plaintiff against Aldrich, was affirmed by the Appellate Division, and no further appeal was taken. The Trial Judge dismissed plaintiff’s complaint against Stiker and the judgment entered thereon was affirmed by the Appellate Division. The Court of Appeals, holding, on the record presented, that Stiker “ should not have been permitted at the trial to deny successfully his ownership of the truck ” (p. 61), reversed the judgment of the Appellate Division and the Trial Term and ordered a new trial (p. 62). By the reversal of the judgment and the direction of a new trial the foundation of the judgment was removed (Gelder v. International Ore Treating Co., 150 App. Div. 916) and no determination of any of the issues previously presented then existed. Of course, on the subsequent trial, the trial and intermediate appellate courts would have been required to adhere to the principles of law established by the Court of Appeals. But, “ For the purposes of the succeeding trial the ease was to be prosecuted de novo, as though it had never been heard before.” (Sticht v. Buffalo Cereal Co., 195 N. Y. 70, 75.) However, no new trial in the action of Switzer v. Aldrich was ever had. Instead, relying on the judgment obtained solely against the operator in the tort action, the plaintiff commenced an action under the statute entitled Switzer v. Merchants Mut. Cas. Co. (supra), the defendant being the insurer of the dealer. The effect of its prior ruling in Switzer v. Aldrich (supra) was .recognized therein when it stated (p. 578): “we held, the dealer could be held vicariously liable under section 59 of the Vehicle and Traffic Law.” (Italics supplied.) It recognized *773 that it did not decide by its prior opinion that the dealer was so liable. Consequently, it was in the statutory action that the issues of ownership and permission, which were not previously the subject of final adjudication, were ultimately determined. The underlying tort action never having been tried, those issues had not been previously determined.
Where a policy of insurance provides for coverage of an operator as an additional assured and he has been cast in judgment an action may be maintained by the injured judgment creditor under the statute without previous adjudication of his permission to use the vehicle.
“ The statute was drawn for the protection of injured plaintiffs.” (Jackson v. Citizens Cas. Co., 277 N. Y. 385, 390.) Within its meaning “ the injured persons are in a sense ‘ beneficiaries ’ of the insurance contract ”. (Kaye v. “Doe ” [Lloyds of London], 204 Misc. 719, 725.) If a remedy is afforded to these plaintiffs under the statute they may not be deprived of the right to its exercise. The position in which defendant now finds itself was created by its own election to refuse to defend Draper in the negligence action brought against both the owner and Draper. It disregarded the principle that “ the duty to defend is broader than the duty to pay.” (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154.) It could have defended Draper in the tort action without having waived any of its rights under the policy. ‘ ‘ All the company was bound to do was to give fair notice to the insured that it did not intend to waive its rights under the policy by proceeding with a defense of the action”. (Jewtraw v. Hartford Acc. & Ind. Co., 280 App. Div. 150, 154.) Had it adopted that procedure its own interests under the policy, as well as Draper’s, would have been protected. But, by the election so made and the consequences thereof, the defendant may not now compel the plaintiffs to seek sole redress in the pending action against the owner rather than pursue the remedy here available to them.
Defendant seeks, as alternative relief, summary judgment in its favor. This phase of the motion, too, must be denied. From the pleadings and papers presented it appears that the only disputed issue of fact involves the grant of permission by the owner for Draper’s use of the truck. The defendant admits Ziel’s ownership of the truck and its coverage by the policy. With that concession a presumption is created that Draper was operating the truck in the service of the owner and with his permission. In Hukey v. Massachusetts Bonding & Ins. Co. (supra, pp. 413-414), it was stated: “Every owner of a motor vehicle or a motor cycle operated upon a public highway *774 shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.’ (Vehicle and Traffic Law, § 59.) The language of this statute makes it clear that permission of the owner to operate his car is essential in order to create liability. Without it he is not liable for injuries sustained by its negligence and unauthorized operation. The issue whether a car is being operated with permission, express or implied, in many instances is a question of fact for the jury. In the case before us it was conceded that the car involved in the accident was owned by the State of New York and that it had been legally assigned to a State official for his use. With that concession in the record, respondents were justified in relying on the presumption that the person operating the car was engaged in the service of the official to whom the car had been assigned and that it was being used with his permission. That presumption continues until there is substantial evidence to the contrary (Christie v. Vineburg, Inc., 259 App. Div. 342; Orlando v. Pioneer Barber Towel Supply Co., 239 N. Y. 342; Ferris v. Sterling, 214 N. Y. 249; Piwowarski v. Cornwell, 273 N. Y. 226; Chaika v. Vandenberg, 252 N. Y. 101).”
The defendant submitted an affidavit of the owner and the unverified statement of Draper, both alleging that permission had not been granted by the owner for Draper’s use of the vehicle. On a motion for the drastic relief here requested the plaintiffs cannot be bound thereby. They should be afforded an opportunity to examine the owner and operator concerning their claims on the trial of the action. (De Lany v. Allen, supra; Lyons v. Central Sur. & Ins. Corp., 84 N. Y. S. 2d 25.) Defendant’s motion is, in all respects, denied.