Abraham N. Geller, J.
The facts underlying this controversy between insurance companies are simple and undisputed, but the legal conclusions deducible therefrom require careful analysis. The parties to this nonjury trial having waived formal findings, this opinion, stating the essential facts found and the conclusions of law reached by the court, constitutes its decision pursuant to section 440 of the Civil Practice Act.
The controversy arises out of an accident involving a combination tractor-trailer and several other vehicles. Five actions were thereafter brought. The owner of the tractor (Gilman Paper Company) was named as a defendant in all five actions, while the owner of the trailer (Trailerships, Inc.) was joined as a defendant in three of the actions. Trailerships, Inc., had leased the trailer to Gilman Paper 'Company, whose employee was driving the tractor-trailer at the time. The plaintiffs in those actions recovered judgments against these defendants.
*422 Plaintiff insurance company (Employers), which insured the tractor, paid all of the judgments in the total sum of $87,221.63 and sues in this action as subrogee of its insured, Gilman Paper Company, to recover from defendant insurance companies (North America, American and Zurich), alleged to be insurers of the trailer, a prorata share of the amount paid, on the theory that, under the governing statute as well as under the terms of the insurance policies, Gilman Paper Company must be deemed to be an additional insured under Trailerships, Inc.’s, policies, thus making all of the insurance companies, defendants as well as plaintiff, coinsurers of the combination tractor-trailer, with respective liabilities determined in accordance with the ratio of the limits of their policies to the total applicable limit. Employers claims $29,515.09 as against North America and $16,991.36 as against American. During trial the action was discontinued as against Zurich.
We first deal with plaintiff’s claim as based upon the statute — section 59-a of the Vehicle and Traffic Law, now contained, together with former section 59, in section 388 of the recodified law.
Section 59-a was added in 1939 to fill the void disclosed by the holding in Hennessy v. Walker (279 N. Y. 94) that section 59, which imposed liability upon the owner of a motor vehicle when operated by another with his permission was not applicable to the owner of a trailer, not deemed a “ motor vehicle ” as such, When rented out and attached to a tractor driven by the employee of the tractor’s owner. Section 59-a imposed such liability for injury caused by the tractor-trailer upon both owners, regardless of who may have been operating it at the time, provided, of course, it was with their permission, express or implied.
Seetion'59-a provided: ‘‘ Every owner of an auto truck or auto tractor and every owner of a trailer or semi-trailer attached, if separately owned, shall be jointly liable and responsible for death or injuries to person or property resulting from negligence in operation by any person legally using or operating the same, or either, with the permission, express or implied, of such owners. For the purposes of this section, the auto truck or auto tractor and the trailer or semi-trailer shall be deemed one vehicle and the operator, while acting in the scope of his employment shall be deemed the agent of each and the operator of the combined vehicle.” Section 59-a then went on to state in terms identical with those provided in section 59: “ All bonds executed by or policies of insurance issued to the owner of an auto truck or auto tractor, or issued to the owner of a trailer or semi-trailer, shall contain a provision for indemnity or *423 security against the liability and responsibility provided in this section”.
The question arose as to whether the owner of the trailer could claim over and demand indemnification from the owner and operator of the tractor, whose active negligence had made him legally responsible for the resulting injury. In Cote v. Autocar Sales & Serv. Co. (191 Misc. 988) the court adopted and applied the same line of reasoning which had been followed by our courts in holding that section 59 did not change the common-law rule respecting the right of the owner of a motor vehicle to recover from the person whose active negligence had brought about his legal responsibility.
In Gochee v. Wagner (257 N. Y. 344) the court pointed out that the purpose of section 59 was simply to change the common-law rule, which was that the owner of a vehicle was not liable for negligent injury caused in its operation by another unless at the time it was being used on his business. The statute created a liability for the negligence of any person operating the vehicle with his permission, where none had existed at common law. In Mills v. Gabriel (259 App. Div. 69, affd. 284 N. Y. 755) the court held that the purpose of the statute to remove the hardship of the former rule to innocent persons could be fully carried out by making it applicable only in actions brought by third persons against the owner, and that the statute had not changed another common-law rule respecting the owner’s right to recover from third persons.
In Cote (supra) the court took note of the fact that the owner of the trailer at common law was free of liability, citing Hennessy (supra); that section 59-a had created such liability on his part, where none had existed at common law; that only ‘ ‘ for the purposes of this section ’ ’ was the operator of the tractor-trailer his agent — that is, for the purpose of an action brought by third persons against him, claiming statutory liability and responsibility for death or injury resulting from negligent operation of the combined vehicle; and that for all other purposes the status of the owner of the trailer had not been altered, and he therefore retained his common-law right to claim over against those whose active negligence had brought about his statutory responsibility.
In this very case the trial court granted the motion of Trailer-ships, Inc., for judgment over on its cross complaint in the three actions in which both had been sued. Due to some curious error the judgments actually submitted by counsel and entered were for only one half of the amounts of the plaintiffs’ judgments, for a total in favor of Trailerships, Inc., and against *424 Gilman Paper Company in the sum of $32,363.98. Defendant North America, whose retained counsel had represented Trailer-ships, Inc., in those actions, has as subrogee set up an affirmative defense in this action, asserting that said judgments over for an amount in excess of the sum herein sued for are res judicata and binding against plaintiff as subrogee of Gilman Paper Company.
Mondelli v. Harrison Hub, Bed & Spring Co. (10 Misc 2d 883) involved a cross complaint by a trailer’s insurance carrier against the tractor’s insurance carrier. The court held that the former could recover in subrogation a judgment over on its cross complaint for any sums it might be compelled to pay the injured plaintiff.
The right of subrogation, being of equitable origin and nature, is enforced solely to accomplish substantial justice (8 Appleman, Insurance Law and Practice, § 4931). “It may, in general, be stated that where the circumstances are such that under tort or contract law the primary responsibility rests upon another, an insurer which is liable secondarily or vicariously may be entitled to recourse from the insurer which ought to bear the burden.” (8 Appleman, Insurance Law and Practice, § 4934.)
The court has concluded that, aside from the res judicata effect of the outstanding judgments in favor of Trailerships, Inc., against Gilman Paper Company asserted in the aforementioned affirmative defense, it would be inequitable to permit Employers, suing as subrogee of Gilman, to recover contribution from the insurers of the party only vicariously liable with respect to an accident in which its own insured was the active i tort-feasor.
'Section 59-a simply provided that both ownérs are “jointly liable and responsible for death or injuries to person or property ”, and that is the purpose for which the combination tractor-trailer shall be deemed one vehicle and for which the operator shall be deemed the agent of each. The mere words, “ jointly liable ”, may not be given the connotation of a partnership, with the implication that the separate policies obtained by the respective owners of the tractor and trailer are thereby converted into policies of coinsurance. Joint liability of defendants in tort actions is a common phrase of reference with respect to their liability to plaintiffs without regard to their relationship or rights as between themselves. It is their joint liability to injured plaintiffs which is the purpose of the section, as clearly indicated by the circumstances of its enactment and as plainly stated therein. That purpose — to remove the hardship of the *425 former rule to innocent persons — is fully satisfied by this interpretation of the statute.
As in the case of section 59, section 59-a did not change the common-law rule respecting the right of the party vicariously liable to recover over against the party whose active negligence brought about such liability. Once it is determined, as the cited cases hold, that the owner of the trailer is entitled under these circumstances to claim over against the owner of the tractor, it necessarily follows that the carrier of the tractor may not as subrogee recover contribution from the carrier of the trailer.
Plaintiff argues that the provision in section 59-a requiring that policies of insurance issued to the owner of a tractor or issued to the owner of a trailer shall contain a provision for idemnity or security against the liability imposed by the section, not only affords coverage to an owner for his vicarious liability created by the statute, but in addition covers every user, with permission, as an additional insured.
This very contention was made with respect to the identically worded provision in section 59 and rejected by our courts (Kuhn v. Auto Cab Mut. Ind. Co., 244 App. Div. 272, affd. 270 N. Y. 587; Chesher v. United States Cas. Co., 303 N. Y. 589, 593; General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659, 665; see, also, Kennedy v. Travelers Ins. Co., 127 Misc. 665, with respect to the analogous provision in section 282-e of the Highway Law of 1909).
Subdivision 2 of section 167 of the Insurance Law (formerly § 109) provides that no policy of liability insurance shall be issued to the “ owner ” of a motor vehicle, unless it contains a provision insuring the “named insured ” against liability arising from negligence in its operation or use by a permittee of the named insured. It was held in the line of cases last cited that the coverage required by this section and by section 59 is coverage only of the owner; that the statutes do not require coverage to the permittee of the owner and therefore do not project into the policy any such coverage.
Thus, while automobile liability policies do contain the usual omnibus clause defining the insured as including the named insured and also any person using the vehicle and any person or organization legally responsible for its use, provided the use is with the named insured’s permission, such inclusion of additional insureds within the coverage of the policy is not required by statute. It may be observed that, where there is an omnibus clause extending coverage to an additional insured, the operator *426 is also protected by the policy and the right to claim over as against him cannot be asserted by the owner’s insurance carrier.
The rationale of the decisions limiting the required coverage of section 59 to the owner of the vehicle insured is equally applicable to section 59-a. The policies issued to Trailerships, Inc., were required by section 59-a to provide coverage to if for the liability created by section 59-a arising from the negligent operation of its trailer when driven with its permission in combination with a tractor. ¡Such policies were not required to provide extended coverage to the permittee, that is, Gilman Paper Company.
Accordingly, plaintiff’s theory that by force of the governing statute, section 59-a, Gilman Paper Company must be deemed to be an additional insured under Trailerships, Inc.’s, policies, thus making all of these insurance companies, defendants as well as plaintiff, coinsurers with respect to this accident, must be rejected.
We turn now to plaintiff’s contention that Gilman Paper Company was in fact an additional insured by virtue of the omnibus clause in Trailerships, Inc.’s, policies, thus making defendant insurance companies coinsurers with plaintiff of the same risk and liable on a prorata basis pursuant to their coinsurance clauses.
Each of these policies contained the usual omnibus clause, making any user with permission of the vehicle insured an additional insured.
However, all of these policies — plaintiff’s as well — modified the clause by the very next sentence, reading as follows:
“ The insurance with respect to any person or organisation other than the named insured does not apply:
“ (a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company.” (Emphasis added.)
It will be noted that this exception does not apply to the named insured, but only to a user who might otherwise under the general language of the omnibus clause qualify as an additional insured. Coverage to the named insured remains in full force even when its vehicle is used in combination with another vehicle not covered by like insurance in the company.
Since a policy is not required to contain any clause providing coverage to the permittee or user, the company may limit such coverage as may be provided for persons or organizations other *427 than the named insured. Conditions and exceptions to the operation of the omnibus clause are paramount over the clause and restrict its application (Appleman, Automobile Liability Insurance, p. 107).
In Chesher v. United States Cas. Co. (303 N. Y. 589, supra) it was held that the policy could validly exclude from coverage as an additional insured the owner of an automobile hired by the named insured, though the named insured was covered with respect to the hired automobile. In General Acc. Fire & Life Assur. Corp. v. Piazza (4 N Y 2d 659, supra) it was held that the policy could validly exclude from the purview of the omnibus clause any person or organization, other than the named insured, who is required to carry insurance under any law because of transporting property for others. In City of Albany v. Standard Acc. Ins. Co. (7 N Y 2d 422, 433-434) the court held valid and effective a stated exception from coverage as an additional insured of an employee with respect to injury to or death of another employee of the same employer.
The quoted exception to the omnibus clause in these policies must therefore be held to be valid, and North America’s first affirmative defense that by reason thereof Gilman Paper Company was not insured under its policy to Trailerships, Inc., must be sustained.
Wheeler v. Piscina (277 App. Div. 1014, appeal dismissed 302 N. Y. 689) and Royal Ind. Co. v. American Cas. Co. (5 Misc 2d 533) are clearly distinguishable. Those cases involved an exclusion clause making the policy itself inapplicable when the insured vehicle was used in a tractor-trailer combination with another vehicle not covered by like insurance in the company. The exclusion was attempted to be set up by the companies as a denial of coverage to their own named insureds, and the courts properly held such a clause invalid as attempting to exclude the very thing that section 59-a said must be included in an insurance policy issued to the owner of a tractor or the owner of a trailer.
It is concluded that Gilman Paper Company was not an additional insured under the policies issued by North America and American to Trailerships, Inc., and its carrier may not claim the benefit of their coinsurance provisions. The complaint is not sustainable either under the statute or under the terms of the policies.
To complete the record, the following should be noted;
The caption was amended on motion to change the name of defendant Indemnity Insurance Company of North America to its present name of Insurance Company of North America;
*428 The court finds that North America’s and American’s automobile liability policies issued to Trailerships, Inc., covered this trailer; that American’s policy was delivered to the insured in this State and is therefore governed by New York law; that, in any event, American’s policy constituted under its pertinent indorsement only excess insurance;
The first and second affirmative defenses of North America, hereinbefore mentioned, are sustained; its third affirmative defense based on alleged failure of timely notice is dismissed;
It is unnecessary, in view of the finding of coverage, to pass upon plaintiff’s contention that North America and American are estopped from disputing coverage of the trailer in this accident.
The complaint is accordingly dismissed on the merits.