Mario Pittoni, J.
This is a controversy submitted on an agreed statement of facts pursuant to CPLR 3222 (subd. [b], par. 3).
An accident occurred on August 23,1965, between a passenger vehicle owned and operated by Harry Hiscock, and a tractor-trailer, on the Long Island Expressway Service Boad at or near its intersection with Veterans Highway, Islip, New York.
The tractor, owned and operated by Henry Kuinlan, was insured under a comprehensive liability policy issued by General Mutual Insurance Co. (Public Service Mutual Insurance Co. [hereinafter called ‘‘ Public Service ’ ’] is the successor by merger to the General Mutual Insurance Co.). The limits of liability for bodily injury on the liability policy issued to Henry Kuinlan were $10,000/$20,000.
The trailer, which was attached to the tractor, was owned by Bargel Truck Leasing Co. Inc. (hereinafter called ‘ ‘ Bar-gel ”) and had been leased to Cober Transfer Corp. (hereinafter called “Cober”). The Fireman’s Fund American Insurance Co. (hereinafter called “Fund”) issued its comprehensive liability policy to Cober and Bargel with limits of liability for bodily injury of $500,000/$!,000,000.
Bargel had agreed with the Ideal Toy Co. to supply a tractor and trailer to haul a shipment of toys to a certain destination, with Bargel supplying the tractor and trailer. Bargel leased its trailer to Cober and at the same time Cober contracted with Kuinlan, an independent hauler, to supply his personal services as a chauffeur and his own tractor to haul the trailer. While the tractor-trailer was en route to Patchogue, New York, the accident occurred.
Thereafter, Harry Hiscock sued Kuinlan, Cober and Bargel to recover damages for his personal injuries sustained in the accident. That action was settled before this court for $25,000, pursuant to a stipulation placed upon the record. During the settlement discussions in that action, this controversy arose *844 between Public Service and the Fund as to which policy or policies afforded coverage in connection with the accident of August 23, 1965. Also if it were determined that both policies applied, the respective amounts to be paid by each carrier had to be decided.
The Fund contends that Kuinlan, the owner-operator of the tractor, is not an additional insured under the policy of insurance issued by the Fund to Bargel and Cober, owner and lessee of the trailer. The owners of the tractor and of the trailer, according to the Fund, are jointly liable and each carrier must, therefore, pay 50% of the total settlement on behalf of their respective insureds.
Public Service contends that the policies issued by the Fund to Bargel and Cober afford coverage to Kuinlan as an additional insured; that both the Fund and the Public Service policies cover Kuinlan, Cober and Bargel with relation to this loss; and that both carriers must, therefore, pay the loss in proportion to their respective limits of liability.
Public Service argues that subdivisions 1, 2 and 4 of section 388 of the Vehicle and Traffic Law and subdivision 2 of section 167 of the Insurance Law mandate coverage by the Fund for Kuinlan, the person using the vehicle with permission of the named insured, as an additional insured. This argument is rejected.
Section 388 of the Vehicle and Traffic Law provides in part as follows:
“ 1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner ’ ’
“2. As used in this section, ‘vehicle’ * * * shall also include ‘ semitrailer ’ and ‘ trailer ’ * * *
“4. All * * * policies of insurance issued to the owner of any vehicle * * * shall contain a provision for indemnity or security against the liability and responsibility provided in this section ’ ’.
This section mandates coverage for the owner of a vehicle for his vicarious liability created by the section. It does not, however, require that every person using or operating such vehicle with permission of the owner be covered under such policy as an additional insured (General Acc. Fire & Life Assur. Corp. v. Piazza, 4 N Y 2d 659, 665; Kuhn v. Auto Cab Mut. Ind. Co., 244 App. Div. 272, 273).
*845 Subdivision 2 of section 167 of the Insurance Law provides in part as follows: “ 2. No policy or contract of personal injury liability insurance * * * covering liability arising from the ownership, maintenance or operation of any motor vehicle * * * .shall be issued * * * to the owner thereof * * * unless it contains a provision insuring the named insured against liability for death or injury sustained * * * as a result of negligence in the operation or use of .such vehicle by any person operating o.r using the same with the permission, expressed or implied, of the named insured”.
The coverage required under this section is similar to the coverage required under section 388 of the Vehicle and Traffic Law. Under the cases above cited, both statutes require coverage of the owner only, and not of the user with permission of the named insured. Neither statute mandates or projects coverage of users with permission into policies issued to owners.
Therefore, the policy issued by the Fund covering the trailer was required by section 388 of the Vehicle and Traffic Law and section 167 of the Insurance Law to provide coverage to the owner, Bargel, for liability arising from the negligent operation of its trailer when driven with permission in combination with the tractor. The policies issued by the Fund were not required to provide extended coverage to Kuinlan as an additional insured.
The mandate contained in article 6 of the Vehicle and Traffic Law, entitled “ Motor Vehicle Financial Security Act ” (§ 311, subd. 4, par. [a]) provides that every owner’s policy of liability insurance shall comply with certain ‘‘ minimum provisions prescribed in a regulation which shall be promulgated by the superintendent ”. Pursuant to this section, the Superintendent of Insurance promulgated regulation 11 NYCRR 60.1 which provides in part as follows:
“ Section 60.1 [Mandatory provisions.] An ‘ owner’s policy of liability insurance ’ shall contain in substance the following minimum provisions * * *
“ (c) A provision insuring as ‘ insured ’ (1) the named insured * * * (2) any other person using the motor vehicle with the permission of the named insured * * * provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of .such permission ”.
This section of the .regulations requires that all policies of insurance issued to owners contain an omnibus clause insuring any user with permission of the named insured as an “ insured.” *846 The policies issued by the Fund contained such an omnibus clause.
11 NYCRR 60.2, however, sets forth certain exclusions, authorized by the ¡Superintendent of Insurance, which may be included in an owner’s policy of insurance, as follows:
“ Section 60.2 [Exclusions.] Such an 1 owner’s policy of liability insurance ’ may contain in substance the following exclusions: * * *
“ (e) "While the motor vehicle is used for the towing of any trailer or semitrailer owned or hired by the insured and not covered by like insurance with the insurer”.
The Fund, as authorized by the regulations, modified the omnibus clause contained in its policy with the following exclusionary language:
‘ ‘ III Definition of Insured. * * * The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement: (a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company.”
This exclusionary provision did not apply to the named insureds, Bargel and Cober. Coverage to them remained in full force even when their trailer was used in combination with Kuinlan’s tractor which was not covered by like insurance in the company (Employers Mut. Liab. Ins. Co. v. Indemnity Ins. Co. of North Amer., 37 Misc 2d 421, 426). Such an exclusion is valid and permissible under the statutes and regulations. It effectively excluded Kuinlan, the user with permission, from being an additional insured, even though he qualified under the general language of the omnibus clause of the Fund’s policy as an additional insured. The covered vehicle was, in the language of the exclusion, ‘ ‘ owned ’ ’ by him, used with a trailer, and not covered by like insurance in the company.
If Kuinlan were not the owner of the tractor, but merely the driver of the tractor, he would be .separately covered, as an additional insured, under the Fund’s policy covering the trailer, by virtue of the omnibus clause mandated by statute, section 388 of the Vehicle and Traffic Law, as implemented by the regulations of the Insurance Department (11 NYCRR 60.1 [c]); (see General Mut. Ins. Co. v. Sun Ins. Co., 24 A D 2d 135, 136).
Therefore, under both the applicable statutory law and the terms of the policies issued by the Fund, Kuinlan was not an additional insured under the policy issued by the Fund to Bargel.
Public Service further argues that the exclusionary provi *847 sions authorized by the Superintendent of Insurance (11 NYCRR 60.2[c]) apply only to an “ owner’s policy of insurance”; that Cober was not an “owner” (the agreed facts state that the vehicle was leased by Bargel to Cober), and that Kuinlan, therefore, a user with permission, was covered under the Fund’s policy issued to Cober, as an additional insured. This argument must also fail.
There are no statutes or regulations mandating coverage or authorizing exclusions in policies issued to “ non-owners.” The terms and conditions of the insuring agreements contained in policies issued to “non-owners” determine the coverage available to such “ non-owner.”
According to the terms and conditions of the Fund’s policy issued to Cober, Kuinlan qualified as an additional insured under the general language of the omnibus clause. He was, however, excluded under the exclusionary provision contained in “ Art. Ill Definition of Insured ” of the policy as set forth above.
Insofar as “ Other Insurance ’’ is concerned, there is no other insurance covering the insureds, the owners of the vehicles. Therefore, the provisions contained in the policies issued by both carriers concerning “Other Insurance ” do not apply (Travelers Ins. Co. v. General Acc. Fire & Life Assur. Corp., N. Y. L. J., Dec. 16, 1969, p. 2, col. 5).
Finally, the question of the respective amounts to be paid by both carriers is determined pursuant to section 388 of the Vehicle and Traffic Law which provides in part as follows: “1. * * * Whenever any vehicles as hereinafter defined shall be used in combination with one another, by attachment or tow, the person using or operating any one vehicle shall, for the purposes of this section, be deemed to be using or operating each vehicle in the combination, and the owners thereof shall be jointly and severally liable hereunder.”
The owners of the tractor and trailer, defendants in the action which is the basis of this controversy, are jointly and severally liable and responsible for 50% of the recovery to the plaintiff in that action. Each owner, therefore, should pay 50% of the settlement.
However, the owners, the individual insureds, are not parties to this controversy. According to the stipulation of settlement their carriers agreed that they would pay $25,000 to the plaintiff according to my decision. The cross claim in the action on behalf of the Fund’s insured was left for future determination. The $25,000 in settlement of plaintiff’s claim was to be paid "by the carriers without impeding their right to appeal. *848 The carriers agreed that payment would he made forthwith, in accordance with my decision. If on appeal the appellate courts reapportion the amounts to he paid, the carriers agreed that they will arrange to make adjustments in accordance with the final decision of the appellate courts.
I direct that, pursuant to the limits of liability contained in the policies issued by both carriers, and the regulations of the Insurance Department (11 NYCRR 60.1), the Fund pay Harry Hiscock the .sum of $15,000, and Public Service pay the sum of $10,000. (It is noted that the Fund, upon the submission of its brief, related to the court that it would voluntarily pay $15,000.)
I direct that payment be made immediately upon submission of appropriate releases. There shall be no further delay. The parties agreed that payment was to be made by March 2, 1970. Final papers, however, were not submitted to me until much later.