This is an uninsured motorist insurance case.
The plaintiffs are the widows and administratrices of the estates of Kenneth Perry and Roy David Gulley. Their decedents were killed while passengers in an automobile owned and driven by Jerry Ivey. The Ivey automobile entered the highway at an intersection and was struck by the automobile of Annie Miller. Neither Ivey nor Miller owned a policy of liability insurance covering their automobiles. Decedents and Ivey were employees of Douglas and Vandiver, a farming partnership and were acting within the line and scope of their employment at the time of the fatal accident.
Defendant USFG is the insurer of Douglas and Vandiver. At the time of the accident there was in force a policy of general liability insurance, with uninsured motorist coverage issued by defendant upon several motor vehicles owned by Douglas and Vandiver. At the time of the accident, Ivey and decedents had been informed that cattle belonging to their employer were loose along the highway several miles away from the main farm where they were working. There being no motor vehicle belonging to their employer then unused and available, they proceeded in the automobile of Ivey to the place where the cattle were loose and secured them. It was while they were returning to the main farm that plaintiffs' decedents were killed.
The evidence was undisputed that Ivey was driving. He came to the intersection, stopped at a stop sign and waited while an oncoming vehicle passed in front of them. He then drove slowly into the intersection without looking and was immediately struck in the right side by Annie Miller. Plaintiffs' decedents were killed. It was undisputed that Ivey had the approval of his employer to use his automobile in the performance of his duties on occasion when the employer's vehicles were not available. On such occasion, the employer furnished gasoline from their farm supply. Ivey placed gasoline in his automobile prior to setting out to round up the cattle on the morning of the accident. The automobile of Ivey was not designated as an insured vehicle in the defendant's policy nor was Ivey a named insured.
Plaintiffs claimed against defendant under the uninsured motorist provisions of the employer's policy. The claim was denied for lack of coverage. Plaintiffs brought suits which were consolidated. After trial there were jury verdicts and judgments against defendant and in favor of plaintiffs in each case for $10,000 with interest. In response to special interrogatories the jury found: (1) Ivey guilty of willful conduct causing the deceaseds' deaths; (2) Annie Miller guilty of negligence causing the deaths; and (3) that the deceased were passengers in an insured vehicle within the terms of defendant's policy of insurance. Defendant appealed.
The primary issue presented by the appeal is whether decedents were "persons insured" under the provisions of defendant's policy so that they are entitled to claim the benefits of uninsured motorist coverage. This issue was preserved by motions of defendant for summary judgment, directed verdict, new trial, and judgment notwithstanding the verdict. It is our opinion that defendant was due a directed verdict. Considering the unconflicting evidence *Page 596 
most favorable to plaintiffs, we find that reasonable minds could only conclude that the deceased were not insured under the plain terms of the policy. Wayland Distr. Co. v. Gay,287 Ala. 446, 252 So.2d 414 (1971); Boggs v. Turner, 277 Ala. 157,168 So.2d 1 (1964).
Definitions of "persons insured" are found in the uninsured motorist provisions and the liability provisions of the policy.
The uninsured motorist coverage provides that "persons insured" are "(a) the named insured and any designated insured and, while residents of the same household, the spouse of relatives of either; (b) any other person while occupying an insured highway vehicle; . . ." Plaintiffs' decedents were none of the persons insured in Section (a). Were they insureds under Section (b) because they were occupying an insured highway vehicle?
The uninsured motorist provisions of the policy describe an "insured highway vehicle" as any automobile owned by the named insured. The automobile occupied by plaintiffs' decedents at the time of their deaths was not owned by the named insured. Plaintiffs contend that our appellate courts have said that the provisions or exclusions of the uninsured motorist coverage may not be decisive, but that the liability coverage may be looked to in order to determine the limits of uninsured motorist coverage. Plaintiffs are correct. In the case of State FarmAutomobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95
(1974), our supreme court said inter alia that the wording of the statute[1] would indicate the legislature envisioned that in a general liability policy having the "usual omnibus clause," uninsured motorist coverage was intended to be extended to all
persons insured thereunder, without regard to exclusions in the uninsured motorist coverage.
Therefore, we examine the liability provisions of the policy to determine if the deceased were "persons insured thereunder."
Section II of the bodily injury liability coverage of the policy provides inter alia as follows: "Each of the following is an insured under this insurance to the extent set forth below:
"(a) The named insured.
"(b) Any partner or executive officer thereof.
 "(c) Any other person while using . . a hired automobile with the permission of the named insured, provided his actual operation or . . . use thereof is within the scope of such permission . . ."
Under "additional definitions," the policy provides:
 "`Hired automobile' means an automobile not owned by the named insured which is used under contract in behalf of or loaned to, the named insured, provided such automobile is not owned by or registered in the name of (a) a partner or executive officer of the named insured or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile."
Plaintiffs' argument is that the deceased were insured because they were using a hired automobile with the permission of the named insured, Vandiver. The evidence concerning the automobile is without conflict. It was not owned by the named insured. It was owned by the driver Ivey. The use of the car by Ivey was for the named insured's benefit and such use had been approved on irregular occasions in the past. Ivey had the implied permission of the named insured to use his automobile on this occasion. The deceased were employees, as was Ivey, of the named insured and were acting within the scope of their employment. The automobile was not being used under contract in behalf of or loaned to the named insured but was owned and being operated by an employee of the named insured. When, on occasion, Ivey used his automobile in his employment, he was given gasoline from the insured's private pump. We have previously said Ivey had taken gasoline from the pump before *Page 597 
setting out with the deceased on the occasion when they were killed.
It is essential to plaintiffs' contention that the Ivey vehicle meet the policy definition of a hired automobile. We find it does not do so in at least two aspects. The evidence does not show either a contract for use in behalf of or a loan of the Ivey vehicle to or in behalf of the named insured. The use of his automobile by the employee Ivey in furtherance of his employer's interest, even with actual or implied permission, does not of itself show a loan to the employer.Trinity Universal Ins. Co. v. Cincinnati Ins. Co., 513 F.2d 915
(6th Cir. 1975); Faribault Canning Co. v. Northwestern Nat'lCas. Co., 298 F.2d 58 (7th Cir. 1961).
It is the opinion of this court that the evidence is without material conflict that the deceased were neither occupants of an insured automobile nor were they persons insured under the liability provisions of the policy. They were not persons for whose liabilities for bodily injury or property damage, arising from the use or operation of an insured vehicle, the defendant would have been legally obligated to pay under its policy. Thus they were not insureds under the uninsured motorist provisions of the policy.
It has previously been noted that one of the answers of the jury to submitted interrogatories was that Ivey was guilty of willful conduct causing the death of plaintiffs' decedents. In order for plaintiffs to recover under uninsured motorist coverage, the deceased must have died as a result of injury caused by an uninsured highway vehicle. § 32-7-23, Code, supra. Their theory of right to recover because of Ivey's conduct is inconsistent with their theory that Ivey was operating an insured vehicle. If the vehicle in which they were riding was an insured vehicle, we are unable to see how recovery could be had under the policy because of their driver's conduct. The Ivey car cannot be insured for liability coverage and uninsured for uninsured motorist coverage.
The third issue presented has been settled in our opinion by the recent decision of our supreme court in Grantham v. Denke,359 So.2d 785 (1978).
We also pretermit the issue of whether the evidence was sufficient to satisfy the scintilla rule as to the negligence of Annie Miller. In view of our determination, that defendant was entitled to a directed verdict for that the evidence failed to show that the plaintiffs' deceased were persons insured under defendant's policy, we reverse and remand.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.
[1] § 32-7-23, Code of Alabama (1975).