Arthur J. JUVE, Jr., et al., Gambles C & M Leasing Company, et al., H. J. Heinz Company, et al., Liberty Mutual Insurance Company, Respondents,

Marlyn Vorgert, Plaintiff,

v.

HOME INDEMNITY COMPANY, et al., Appellants,

Jerome M. Kunza, et al., Respondents.

Nos. 387, 51097 and 51170.

Supreme Court of Minnesota.

Jan. 16, 1981.

Chadwick, Johnson & Bridell and Richard J. Chadwick, Minneapolis, for appellants.

James R. Schwebel, Minneapolis, for June, et al.

Bruce E. Sherwood, Wheaton, for Gamble's C & M Leasing Co., et al.

Arveson, Donoho, Lundeen, Hoff, Svingen & English and Mark G. English, Fergus Falls, Lasley Gaughan, Reid & Stich and John F. Angell, Minneapolis, for H. J. Heinz Company, et al.

Thysell, Gjevre, McLarnan, Hannaher, Vaa & Skatvold and Alden H. Gjevre, Moorhead, for Kunza, et al.

SHERAN, Chief Justice.

The respondents in this case are seeking coverage for Jerome M. Kunza under an insurance policy issued to the city of Perham by the Home Indemnity Company, the two appellants. The trial court entered summary judgment in favor of respondents, declaring Kunza to be insured under the Perham policy. We vacate that judgment and order that judgment be entered in favor of the city of Perham and Home Indemnity Company.

Jerome M. Kunza was or may have been responsible for an automobile accident of March 20, 1976 in which the driver and three passengers of a leased vehicle sustained personal injuries. The car Kunza was driving was one owned by him and insured with respect to liability by Mutual Service Insurance Company. The three injured passengers have sued Kunza and other possibly negligent parties for damages. In the declaratory judgment action before us, the plaintiffs and defendants involved in the personal injury suit are seeking excess coverage for Kunza under Perham's insurance policy.[1]

Kunza is and has been a member of the local volunteer fire and rescue department. At the time of the accident, Kunza was responding to a call to come to the station where the fire and rescue vehicles were kept because of an emergency in the city of Vergas. Kunza was on his way from his home to the station in Perham, a distance of four blocks.

Had Kunza been one of the first three volunteers to arrive at the fire hall, he would have gone to the emergency site in a rescue vehicle which is described specifically in the policy of liability insurance carried by the city of Perham, and issued by the Home Indemnity Company [hereinafter Home].

Like the other volunteers, Kunza received no compensation for the use of his car. Kunza and the others received no compensation for their time unless they were one of the first three to arrive at the fire hall. If a volunteer was compensated, he was compensated on an hourly basis, with the time computed from the time of arrival at the fire hall until his return to the fire hall after the performance of his service.

Respondents have claimed that the Home policy issued to Perham provides excess insurance coverage to Kunza for any liability which he may incur as a result of this car accident and which exceeds the limits of his own policy. The city of Perham is the named insured in the Home policy, but the respondents claim coverage for Kunza under a provision of the policy which defines the persons insured under the policy, besides the named insured, as including the following: "(c) any other person while us-

---

1. Ervin Vorgert, the driver of the leased vehicle, settled his claim for damages against Kunza and is not a party here. Besides the passengers, the other respondents here are the lessor of the vehicle, Gambles C & M Leasing Company, and its insurer, Travelers Insurance Company, and the owners of several semitrailers parked near the scene of the accident, H. J. Heinz Company and its insurers, Allstate Insurance Company and Liberty Mutual Insurance Company.

ing an owned automobile or a *hired automobile* with the permission of the named insured, provided his actual operation or (if he is *not operating*) his other actual use thereof is within the scope of such permission." (emphasis added) They claim that Kunza was driving a "hired automobile," which is defined in the policy as "an automobile not owned by the named insured which is used under contract in behalf of, *or loaned to,* the named insured." (emphasis added)

Respondents also claim that Kunza is not excluded under another section of the policy which states that "[n]one of the following is an insured: * * * * (ii) the *owner* or lessee * * * of a *hired automobile* or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee." (emphasis added)

■ The liability of the city of Perham, direct or vicarious, is not before us.[2] Furthermore, we need not decide whether Kunza's activity was in the course of his employment or whether the city of Perham was his employer.[3] Even if Kunza was employed by Perham at the time of the accident, his vehicle was not loaned to the city of Perham and so was not a "hired automobile" within the meaning of the insurance policy. *United States Fidelity & Guaranty Co. v. Perry,* 361 So.2d 594 (Ala. Civ.App.1978).

■ The policy also specifically excluded Kunza from coverage because he was the owner of the automobile, even if it had been a hired automobile. *Gilkey v. Andrew Weir Insurance Co.,* 291 F.2d 132 (9th Cir. 1961) (owner of a non-owned automobile excluded); *National Mutual Ins. Co. v. Liberty Mutual Ins. Co.,* 196 F.2d 597 (D.C.Cir.) (owner of hired automobile excluded), *cert. denied,* 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952); *Longsdorf v. Tunson,* 200 F.Supp. 828 (D.Colo.1962) (owner of hired

vehicle excluded); *Chesher v. United States Casualty Co.,* 303 N.Y. 589, 105 N.E.2d 99 (1952) (owner of hired vehicle excluded).

The order granting Kunza's motion for summary judgment and the order denying Home Indemnity's motion for summary judgment were, therefore, erroneous. The judgment entered in Kunza's favor is vacated. Entry of judgment in favor of Home Indemnity is directed.

Reversed.

---

**2.** The record indicates that the city of Perham has not been named as a defendant in the personal injury action underlying this case.

**3.** The appellants have argued that Kunza was not performing his volunteer services at the time for the city of Perham, but rather for another political entity consisting of 14 governmental units, including the city of Perham. In light of our disposition of this case, we need not resolve this dispute.