Joe A. IMBURGIA and Pamela J. Imburgia, Plaintiffs,

v.

SALEM TOWNSHIP RESCUE SQUAD, INC., and General Casualty Company of Wisconsin, a corporation, Defendants-Appellants,

Remi V. CARTON, and Iowa National Mutual Insurance Company, a corporation, Defendants-Respondents,†

Karl M. SKREKO, Defendant.

Court of Appeals

*No. 82–1829. Submitted on briefs April 29, 1983.— Decided June 17, 1983.*
(Also reported in 337 N.W.2d 467.)

† Petition to review denied.

For the defendants-appellants the cause was submitted on the brief of *David J. Nolden* of *Capwell, Berthelsen, Nolden & Casanova, Ltd.* of Racine.

For the defendants-respondents the cause was submitted on the brief of *Michael A. Mesirow* of *Kasdorf, Dall, Lewis & Swietlik, S.C.* of Milwaukee.

Before Scott, C.J., Voss, P.J., and Brown, J.

SCOTT, C.J.   Salem Township Rescue Squad, Inc. and General Casualty Company of Wisconsin appeal from a judgment that a rescue squad member's automobile accident was covered by the rescue squad's insurance policy. The sole issue is whether the vehicle that the squad member was driving at the time of the accident was a "hired automobile" within the meaning of the insurance policy. Because we conclude that a vehicle borrowed by a volunteer squad member for the purpose of driving to the fire station was not "used under contract in behalf of" or "loaned" to the rescue squad within the meaning of the policy, we reverse.

According to the stipulation of the parties, Remi Carton, a member of the Salem Township rescue squad,[1] was involved in an automobile collision on March 18, 1978 while on his way to the fire station in response to an emergency call. Pamela Imburgia was injured in the accident.

According to Carton's affidavit, on the evening of the accident, he was visiting at his girlfriend's house. During the course of his visit, he loaned his pickup truck to Karl Skreko, his girlfriend's brother. A condition of the loan was that Carton could use Skreko's car to respond to an

---

[1] Salem Township rescue squad members are strictly volunteers. They receive no compensation for their time and no reimbursement for travel to and from the fire station.

emergency call if the car happened to be the last one in the driveway when a call came in. At the time of the accident, Carton was driving Skreko's car to the fire station in response to an emergency call.

Among the "persons insured" under the rescue squad policy were the named insured, *i.e.,* the rescue squad, any executive officer thereof and

any other person while using an *owned* automobile or a *hired automobile* with the permission of the *named insured,* provided his actual operation . . . is within the scope of such permission . . . . [Emphasis in original.]

The policy defined a "hired automobile" as

an *automobile* not owned by the *named insured* which is used under contract in behalf of, or loaned to, the *named insured,* provided such *automobile* is not owned by or registered in the name of (a) a partner or executive officer of the *named insured* or (b) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile. [Emphasis in original.]

Based on the stipulated facts and supporting affidavits, Carton moved for summary judgment that his accident was covered by the rescue squad's policy. The trial court concluded that under the rules of the rescue squad, Carton had implied permission from the squad to borrow a vehicle for the purpose of traveling to the fire station in response to an emergency call. Accordingly, the trial court granted Carton's motion for summary judgment. After the case had been tried to a jury, the rescue squad filed a post-verdict motion asking the trial court to reverse its earlier determination that Carton's accident was covered by the rescue squad's insurance. That motion was denied.

The issue before us is whether a vehicle borrowed by a rescue squad member for travel to the fire station was

"used under contract in behalf of" or "loaned" to the rescue squad and, thus, comes within the squad's insurance coverage. We conclude that the borrowed vehicle was not covered by the rescue squad's insurance.

A vehicle is "used under contract in behalf of" a named insured only where there is an agreement to hire the vehicle based on a monetary payment or some consideration flowing to the owner of the vehicle. *Fisher v. Tyler,* 394 A.2d 1199, 1203 (Ct. App. Md. 1978). Carton did not offer Skreko the use of the pickup truck in consideration for the use of Skreko's car. Rather, Skreko needed the truck and agreed to give Carton use of the car because that was the condition that Carton placed on allowing Skreko to take the truck for a few hours. Since Skreko gave consideration to Carton for use of a vehicle, rather than vice versa, the Skreko car was not used under contract in behalf of the rescue squad.[2]

A volunteer's own vehicle is not "loaned" to the rescue squad simply because the volunteer uses it to reach the fire station in response to a call. *See Juve v. Home Indemnity Co.,* 301 N.W.2d 554, 556 (Minn. 1981). Had Carton been driving his pickup truck to the fire station at the time of the accident, therefore, he would not have been covered by the rescue squad's insurance. As a result of an informal agreement between friends, Skreko's car was a one-evening replacement for Carton's truck. We fail to find legal significance in the arrangement. Just as Carton's truck was not "loaned" to the emergency squad on those occasions when he used it to travel to the fire station, the car that Carton was using on the evening

---

[2] We do not reach the question of whether Carton was authorized under rescue squad rules to contract for an automobile as an agent of the rescue squad.

of March 7, 1978 in place of the truck was not a "loaned" vehicle within the policy terms.

*By the Court.*—Judgment reversed.