OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant for summary judgment is granted. Cross motion is denied as moot.
In this declaratory judgment action Brian Strizik seeks a judgment declaring that Home Indemnity is obligated to *13 defend him in a personal injury action as an additional insured, under a policy issued to the plaintiff in that action, Richard Meyer.
In the underlying action, Strizik is alleged to have struck the plaintiff Mary Anna Meyer while parking her car for North Shore Parking, the uninsured valet service at La Veranda Restaurant.
The Home Indemnity policy excludes from coverage anyone driving the covered automobile "[w]hile employed or otherwise engaged in the business or occupation of * * * parking.” Strizik falls within the exclusion but claims that the exclusion is "illegal” as "contrary to” Vehicle and Traffic Law § 345 (b) (2).
Vehicle and Traffic Law § 345 (b) (2) states in relevant part: "A 'motor vehicle liability policy’ * * * [s]hall insure as insured the person named therein and any other person using or responsible for the use of any such motor vehicle * * * with the consent, express or implied, of such named insured.” Strizik claims that he cannot be excluded from coverage under the above statute.
The Court of Appeals has previously rejected this argument, holding that the Vehicle and Traffic Law does not require coverage of permissive drivers as additional insureds. "[A]ll policies of liability insurance issued to the owner of a motor vehicle [are only required to] afford coverage to the owner for his vicarious liability, created by the statute”. Such policies need not "cover every user with permission as an additional insured” (General Acc. Fire & Life Assur. Corp. v Piazza, 4 NY2d 659, 665 [emphasis supplied]; Hiscock v Kuinlan, 62 Misc 2d 842, 844-845).
Insurance Department regulations reflect the above case law indicating that the mandatory provisions need not apply to any organization or its employee operating a public parking place with respect to any accident arising out of the use of a motor vehicle in connection therewith. (11 NYCRR 60.1 [c] [3] [i]-)
Accordingly, the exclusionary provision is valid and summary judgment is awarded to the defendant carrier. It is declared that defendant Home Indemnity has no duty to indemnify or defend Brian C. Strizik in the main personal injury action under the policy issued to Richard Meyer.