■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants, v PROGRESSIVE INSURANCE COMPANY et al., Respondents. [732 NYS2d 63] —In an action for a judgment declaring that the defendant Progressive Insurance Company is obligated to defend and indemnify the plaintiffs Servicelink, Inc., and Frances H. Williams in an underlying action entitled *Schneider v Williams,* pending in the Supreme Court, Bronx County, under Index No. 17166-97, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated November 29, 2000, which granted the defendants' motion for summary judgment on their counterclaim for common-law indemnification, denied the plaintiffs' cross motion for summary judgment on the complaint and to dismiss the counterclaim, and declared that the defendant Progressive Insurance Company is not obligated to defend and indemnify the plaintiffs Servicelink, Inc., and Frances H. Williams in the underlying action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that the defendant Progressive Insurance Company is obligated to defend and indemnify the plaintiffs Servicelink, Inc., and Frances H. Williams in the underlying action.

The defendant Progressive Insurance Company (hereinafter Progressive) issued a personal automobile insurance policy to the codefendant, Eleanor Schneider, covering her 1988 Honda automobile. The policy contained the usual exclusion of coverage for "any insured * * * while employed or otherwise

engaged in a 'car business.' " "Car business" was defined in the policy as "a business where the purpose is to sell, lease, repair, service, transport, store or park motor vehicles or trailers."

On September 28, 1996, Schneider sought the assistance of Frances Williams, a security officer employed by Servicelink, Inc., when she was unable to locate her automobile in an indoor parking garage at the Manhattan Residential Complex on West 43rd Street in Manhattan. When the vehicle was found, Schneider asked Williams to drive it to the garage exit while she rode in the passenger seat because she was nervous and distraught. While driving Schneider's automobile in the garage, Williams collided with a concrete pillar and a parked car. Schneider, who was injured in the collision, commenced an action against Williams and his employer, Servicelink, Inc. (hereinafter the underlying action), alleging that Williams was negligent in the operation of her automobile.

The plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union), the automobile liability insurance carrier for Servicelink, Inc., commenced the instant action after Progressive refused to provide Williams and Servicelink, Inc., with a defense in the underlying action.

As a permissive user of Schneider's automobile, Williams was an insured under the terms of the Progressive policy (see, Vehicle and Traffic Law § 345 [b] [2]), which also afforded coverage to Servicelink, Inc., as an organization legally responsible for his acts or omissions. Contrary to the conclusion of the Supreme Court, the "car business" exclusion in the Progressive policy did not apply to Williams. Williams was a security officer employed by a security service company to provide security within the entire Manhattan Plaza Building Complex. His duties were to patrol the entire premises, including the parking garage, to observe and report security concerns. He had never previously been called upon to drive a car in the course of his employment with Servicelink, Inc. Williams was not a parking attendant, he was not employed by the parking garage, and, at the time he offered assistance to Schneider, he was not "employed or otherwise engaged in" a business "where the purpose is to * * * park motor vehicles."

Therefore, the Supreme Court should have granted the plaintiffs' cross motion for summary judgment on the complaint and dismissing the counterclaim, and declared that Progressive is obligated to defend and indemnify Williams and Servicelink, Inc. It follows that the defendants' motion for summary judgment on the counterclaim for common-law indemnification should have been denied. Where Williams and Ser-

vicelink, Inc., are covered as insureds under the Progressive policy, Progressive has no right of subrogation "for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.