■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v ERIC ROSARIO, Respondent. GREGORY PERSAK et al., Additional Respondents, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Additional Appellant, and CALIBER ONE, Additional Respondent. [779 NYS2d 112]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated April 28, 2003, which, upon finding its disclaimer to be void, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The disputed disclaimer of the appellant State Farm Mutual Automobile Insurance Company (hereinafter State Farm), pursuant to the "car business" exclusion of its policy (*see* 11 NYCRR 60-1.1 [d] [2] [i]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Progressive Ins. Co.*, 287 AD2d 697, 698 [2001]; *Piliero v Allstate Ins. Co.*, 12 AD2d 130 [1960]; *Strizik v Home Indem. Co.*, 137 Misc 2d 12 [1987]), was issued solely to Mario Biondo, the permissive operator of the vehicle of its insured, Gregory Persak. No disclaimer was issued to the insured. Moreover, Caliber One, which insured Biondo's employer, RAD Parking, Inc., acknowledged that its policy applied to Biondo, although allegedly only as "excess" to State Farm's purported coverage.

Accordingly, irrespective of the validity of State Farm's disclaimer, both the owner and the operator of the alleged tortfeasors' vehicle were insured at the time of the accident. Since that was the only relevant issue that needed to be decided in this proceeding, the Supreme Court properly granted the petition and permanently stayed the arbitration. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.